571 P.2d 423

STATE of New Mexico, Plaintiff-Appellee,

v.

Pat VIGIL, Defendant-Appellant.

No. 2957.

Court of Appeals of New Mexico.

Oct. 25, 1977.

Terry M. Word, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of possession of heroin, defendant appeals. The sole issue involves recross-examination of witnesses called by the prosecution. Defendant asserts he was not allowed to recross-examine and this denied him due process and the right to confront witnesses against him.

2 Wharton's Criminal Evidence (13th ed., Torcia) § 454 states:

Although, ordinarily, recross-examination will not be allowed, whenever clarification or explanation is required of answers given on redirect examination, the cross-examining party will be allowed to recross-examine, limiting himself to the matter brought out on redirect examination. If no new matter had been brought out on redirect examination, recross-examination will be refused.

See VI Wigmore on Evidence, 3rd ed., § 1897; *State v. McSloy*, 127 Mont. 265, 261 P.2d 663 (1953).

■ A party has a right to recross-examination only where new matter is brought out on redirect examination. *United States v. Morris*, 485 F.2d 1385 (5th Cir. 1973).

"More strictly than with cross-examination, a court may limit recross to the subject matter of redirect and may exercise extensive discretion over its scope." *United States v. Honneus*, 508 F.2d 566, 573 (1st Cir. 1974).

■ On the basis of the foregoing, we hold that: (1) a party's right to recross-examination is limited to new matters brought out on redirect examination, and (2) the scope of recross-examination as to new matters is subject to the discretionary control of the trial court. Compare *State v. Sanchez*, 87 N.M. 140, 530 P.2d 404 (Ct.App. 1974). This holding is consistent with Evidence Rule 611 which provides that the trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence".

The asserted improper limitation of recross-examination goes to the four witnesses called by the prosecution. As to two of those witnesses (the two chemists), defendant made no attempt to recross-examine while the witnesses were on the witness stand. As to the witness Aragon, defendant indicated that he wanted to recross-examine on certain exhibits. Informed by the trial court that the exhibits had not been admitted into evidence, defendant replied: "Okay, fine." At the conclusion of the redirect examination of witness Noedel, the following occurred:

THE COURT: The witness is excused. There's no recross. There's no basis for it. If you want to call him as your own witness you can.

MR. TAYLOR: I had a few more questions.

THE COURT: If you want to call him as your own witness you can. We'll take a ten minute recess.

After the State rested its case-in-chief, defendant moved for a mistrial asserting the improper denial of recross-examination. During argument of the motion, defendant claimed an improper denial of recross as to the chemists and Noedel; no claim was made that recross of Aragon was improperly restricted. The first intimation to the

court of what would have been covered by recross came during this argument.

 There being no claim in the trial court that recross of Aragon was improperly restricted, there is no issue to review as to this witness. N.M.Crim.App. 308.

Assuming, but not deciding, that new matters were developed on the redirect of the chemists and Noedel, defendant did not timely inform the trial court as to these matters. This case involves the exclusion of evidence; defendant did not make the substance of the evidence known to the trial court until the witnesses had left the stand. Evidence Rule 103. He cannot claim error in the absence of a timely objection. *State v. Trimble*, 78 N.M. 346, 431 P.2d 488 (1967). See *State v. Kendall*, 90 N.M. 236, 561 P.2d 935 (Ct.App.1977); *State v. Burrell*, 89 N.M. 64, 547 P.2d 69 (Ct.App. 1976).

The issue then, as to the chemists and Noedel, is whether they should have been recalled for recross. This was a matter for the trial court's discretion. *State v. Sanchez*, supra. No abuse of discretion has been shown.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.