20568

The STATE, Respondent, v. Johnny Lee GARDNER and Don Godwin alias Joe K. Godwin, Appellants.

(239 S. E. (2d) 729)

*H. E. Bonnoitt, Jr., and Kenneth W. Thornton, Jr.,* of Georgetown, *for Appellants,*

*Daniel R. McLeod, Atty. Gen., and Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, and *J. M. Long, Jr., Sol.,* of Conway, *for Respondent,*

December 14, 1977.

*Per Curiam:*

Appellants Johnny Lee Gardner and Don Godwin alias Joe K. Godwin were convicted by a jury of common law

robbery and sentenced to seven (7) and five (5) years imprisonment respectively. The main issue on appeal is the lower court's refusal to grant appellants' motion for a mistrial on the ground appellants were denied the right to cross examine one of the State's witnesses. We hold the lower court correctly denied appellants' motion and affirm.

Appellants were indicted by the Georgetown County Grand Jury for common law robbery in December 1976. At appellants' trial one of the State's witnesses, Albert "Bud" Smith, was examined outside the jury's presence in a *Jackson v. Denno* suppression hearing. The State wished to use Mr. Smith's testimony to establish the *corpus delicti* and to identify appellants. Mr. Smith was unresponsive to the questions of the solicitor and defense counsel, and eventually became incoherent on the stand. He was led from the courtroom crying. It was then stipulated by the State that Mr. Smith's testimony would not be offered to identify appellants.

After the jury returned Mr. Smith was placed on the stand and testified to the *corpus delicti*. On cross examination he became incoherent and had to be removed bodily from the courtroom. The trial judge denied appellants' timely motion for a mistrial but instructed the jury to disregard Mr. Smith's testimony.

On the authority of *State v. Bigham,* 133 S. C. 491, 131 S. E. 603 (1926) appellants contend they were entitled to a mistrial.

In *Bigham,* the defendant was convicted of the murder of his brother and sentenced to suffer death by electrocution. During the State's case in chief a witness died on the stand after giving damaging testimony against the defendant on direct examination. Defense counsel made no motion for either appropriate jury instructions or mistrial and the trial judge took no action *ex mero motu.* On appeal this Court granted the defendant a new trial, stating: "It was the duty of the Court to act and not wait for a motion from the defendant. . . . [T]he judge should have ordered a mistrial."

In *Bigham* the testimony given by the witness who died on the stand was prejudicial to the defendant. The jury was not instructed to disregard the testimony and on appeal this Court had no alternative but to grant the defendant a new trial. Although the evidence against the defendant was over-whelming even without the deceased witness's testimony, the defendant's conviction could not stand "consistently with a sound and fair determination of the questions of law raised by the appeal." *Bigham,* (Marion, J. concurring specially).

Here, defense counsel immediately moved for a mistrial or in the alternative for appropriate jury instructions. The trial judge instructed the jury to disregard Mr. Smith's testimony but refused appellants' motion for a mistrial. The basis of the lower court's refusal to grant a mistrial was its finding that the testimony given by Mr. Smith was cumulative to that given by a previous witness for the State. Robin Ann Moultrie had testified for the State after waiving present-ment by the grand jury and pleading guilty to receiving stolen goods in connection with this incident.

Appellants' inability to cross examine Mr. Smith rendered the witness's testimony incompetent, but the trial judge's instructions to the jury adequately removed any prejudice produced by the testimony:

"As a general rule, the testimony of a witness, given on direct examination should be stricken where there is not adequate opportunity for cross-examination, as where the witness by reason of his death, illness, or absence cannot be subjected to cross-examination." 98 C. J. S. Witnesses § 373 (1957). See also 81 Am. Jur. (2d) Witnesses § 465 (1976).

The jury observed Mr. Smith's deterioration on the stand and heard his incoherent responses to counsel's questions. Mr. Smith did not make an in court identification of appel-lants and his testimony was not damaging to their defense. On these facts appellants' inability to cross examine one of the State's witnesses did not warrant a mistrial.

The remainder of appellants' exceptions are without merit and a review of them by this Court would serve no precedential value. Accordingly, we affirm the lower court on each of these exceptions under Rule 23 of our Rules of Practice.

Affirmed.