643 P.2d 607

**STATE of New Mexico, Petitioner,**

v.

**Orlando Lorenzo MELENDEZ,
Respondent.**

No. 13569.

Supreme Court of New Mexico.

March 22, 1982.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for petitioner.

Hunt & Currier, Tandy L. Hunt, Roswell, for respondent.

## OPINION

EASLEY, Chief Justice.

Melendez, charged with murder, pled self-defense, but the jury found him guilty of voluntary manslaughter. The Court of Appeals reversed on four issues, ordering Melendez to be discharged from custody. The State petitioned for certiorari on one issue, and we reverse the Court of Appeals as to that issue.

The issue: When the jury failed to acquit Melendez on his self-defense plea, is a voluntary manslaughter conviction precluded as a matter of law when a jury fails to acquit a defendant when there is some evidence of self-defense. Stated differently, where it is evident, by the failure to acquit, that the jury did not believe Melendez' self-defense story, is it mandatory that we hold, *ipso facto*, that the jury did not believe Melendez' story of provocation, which would support a voluntary manslaughter conviction?

At trial, Melendez testified that he and some of his companions were shot at by the occupants of a car owned by the "Tegada Brothers". He subsequently obtained a rifle to protect himself. Three hours after the first shooting, when Melendez and his friends were driving to a party, they spotted the Tegada car and sought to talk with Melendez' assailants. As Melendez and friends stopped and opened the car door, they were fired upon. Melendez said he was afraid, ducked down and without taking aim with his rifle, he fired back. Melendez' friends also shot back. Sambrano died as a result of the shooting.

The trial court instructed the jury on voluntary manslaughter and stated that if the jury found that Melendez acted as a result of "sufficient provocation", they should consider whether he was guilty of voluntary manslaughter. The instruction stated in part:

> Sufficient provocation can be any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions.

N.M.U.J.I.Crim. 2.20, N.M.S.A.1978 (current version N.M.U.J.I.Crim. 2.22, N.M.S.A.1978 (Cum.Supp.1981)).

Although the issue was not raised by the parties on appeal, the Court of Appeals in effect held that a conviction for voluntary manslaughter is void as a matter of law if a jury does not acquit the defendant when there is evidence of self-defense. The court stated:

> We can be certain that, under the evidence produced at trial, the jury did not believe [Melendez] acted in self-defense at the time he fired his gun. If they had believed his testimony that the occupants of the Tegada car had fired at him just before he returned the gunfire, they could not have reached the conclusion that he was not lawfully defending himself against what he reasonably believed was a design of others to commit great personal injury to himself. . . .

*State v. Melendez*, 97 N.M. 740, 643 P. 2d 609 (Ct.App.1981). The Court of Appeals reasoned that, since Melendez' story of self-defense was "obliterated" by the jury's failure to acquit, the evidence of *provocation* at the time of the killing was not to be considered on the voluntary manslaughter charge. However, at another point in the opinion the court stated: "The jury, however, did acquit defendant of second degree murder. It is thus beyond questioning that they found he had been provoked." *Id.*

Melendez did not claim on appeal that he was entitled to discharge. He requested a new trial to have the jury instructed on involuntary manslaughter. The Court of Appeals stated that the trial judge should have allowed a new trial on the issue of involuntary manslaughter but, *sua sponte*, held that Melendez should be discharged. The basis for this action was that *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976); *State v. Trujillo*, 27 N.M. 594, 203 P. 846 (1921); and *State v. Castro*, 92 N.M. 585, 592 P.2d 185 (Ct.App.), *cert. denied*, 92 N.M. 621, 593 P.2d 62 (1979) mandated dismissal. The Court of Appeals cited these cases for the proposition that "once the proof of concurrent provocation and passion fails", *Melendez, supra* 97 N.M. at 744, 643 P.2d at 613, the court may not permit a jury to reach a verdict which has no evidence to support it.

On three issues raised by Melendez on appeal, the Court of Appeals reversed the trial court: failure to give an instruction on involuntary manslaughter, exclusion of evidence and denial of a new trial. The State did not ask for certiorari on these decisions.

In *State v. Kidd*, 24 N.M. 572, 580, 175 P. 772, 774 (1917), the Court expressly held that a jury may reject a plea of self-defense and convict for voluntary manslaughter, stating:

> [T]he jury had a right to determine, as they did determine, that his plea of self-defense was not justifiable under all the circumstances, and had a right to conclude from the evidence that the defendant went to the hotel unjustifiably under all circumstances. The line of demarcation between a justifiable homicide in self-defense, is not always clearly defined

and depends upon the facts of each case as it arises.

 "[W]hen facts are present which give rise to a plea of self-defense, it is not unreasonable that if the plea fails, the accused should be found guilty of voluntary manslaughter." *State v. Lopez,* 79 N.M. 282, 285, 442 P.2d 594, 597 (1968). The underlying rationale for this principle of law stems from the difference between self-defense and provocation supporting a conviction for voluntary manslaughter. Self-defense is a belief by a *reasonable man* in the necessity to save himself from death or great bodily harm. *State v. Kidd, supra.* Provocation supporting a conviction for voluntary manslaughter, on the other hand, is an act "committed under the influence of an *uncontrollable fear of death* or great bodily harm, caused by the circumstances, but without the presence of all the ingredients necessary to excuse the act on the ground of self-defense". *Id.* at 579, 175 P. at 774. (Emphasis added.) The two principles of law are therefore not mutually incompatible, as the decision of the Court of Appeals imports. We reverse the Court of Appeals on this issue.

"In determining whether the verdict of voluntary manslaughter is supported by substantial evidence, we view the evidence in a light most favorable to the State, and with all permissible inferences indulged in support of the verdict." *State v. Harrison,* 81 N.M. 623, 629–30, 471 P.2d 193, 199–200 (Ct.App.), *cert. denied,* 81 N.M. 668, 472 P.2d 382 (1970). Melendez' own undisputed testimony clearly establishes that he was in fear. The jury's rejection of Melendez' plea of self-defense and finding him guilty of voluntary manslaughter was not unreasonable.

The evidence of provocation, which was "obliterated" by the Court of Appeals on an erroneous legal theory, plainly establishes one of the elements of voluntary manslaughter. When this evidence is considered, *Smith, supra, Trujillo, supra,* and *Castro, supra,* have no application. Thus, it was error for the Court of Appeals to order Melendez discharged.

The Court of Appeals volunteered a lecture to the Supreme Court on the "confusion" generated by this Court's Uniform Jury Instructions on homicide and our failure to address the problem. We find no confusion in the instructions as they apply to the case before us. The jury was instructed that, if a defendant is sufficiently provoked to kill another, he may be guilty of voluntary manslaughter. Sufficient provocation is defined, in part, as fear. Defendant testified that he was afraid when others fired shots at him, and the other circumstances tend to confirm his statements. We find no reason for the jury to be confused.

We reverse the Court of Appeals on the issues before us and remand the case for a new trial consistent with this decision and the holding by the Court of Appeals on the other three issues.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, FEDERICI and RIORDAN, JJ., concur.