650 P.2d 40

Julian ARMIJO, Plaintiff-Appellee,

v.

Felix ARMIJO, Defendant-Appellant.

No. 5528.

Court of Appeals of New Mexico.

Aug. 5, 1982.

Alfred M. Carvajal, Alfred M. Carvajal, P. A., Albuquerque, for defendant-appellant.

Jeffrey J. Dempsey, Philip B. Davis, Davis & Dempsey, Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff filed an assault and battery complaint against defendant, his brother, on July 23, 1979. Defendant failed to answer, although service upon him was allegedly made. On June 9, 1980, the summons, motion for default, and certificate as to state of the record were filed with the Clerk of the Court. A default judgment was entered the same day, awarding plaintiff $15,000 compensatory damages.

On August 11, 1981, defendant filed a motion to set aside default judgment, alleging defendant was not served by legal process and, therefore, had no knowledge of the lawsuit until a writ of execution was attempted to be served at his home. A hearing was held on August 25, 1981, at which time plaintiff's witness, the process server, testified on direct examination. However, before defendant was allowed the opportunity to cross-examine the witness, the trial judge stated: "I'm sorry, I won't be able to

conclude this. We'll have to take some time and come back. I've got these criminal matters." A hearing was set for the following day, but was vacated due to plaintiff's counsel's admission to the hospital. Another hearing, set for September 21, 1981, was not attended by defendant or his counsel due to a misunderstanding. At that hearing, the trial court orally denied the motion to set aside default judgment and allowed the default judgment to stand.

On September 23, 1981, defendant filed a motion asking the court for an opportunity to present the balance of his case. At a hearing on September 28, 1981, the following exchange took place:

MR. JONES [Attorney for plaintiff]: I believe all he's [defendant] asked for is a chance to present the rest of his evidence.

THE COURT: I'll give you the opportunity to present the argument.

MR. JONES: We will then finish the hearing basically that we started on the 25th, and you'll make your ruling at that time?

THE COURT: Yes.

On November 9, 1981, the final hearing was held. Attorney for defendant requested cross-examination of the plaintiff's witness, the process server. However, he was not present at the November 9 hearing. Plaintiff's attorney stated he had not been able to contact him, and that he had told defendant's attorney that he had not intended to subpoena him for that hearing. "I made no effort to secure Mr. Romero's [process server] attendance here today as I anticipated that Mr. Carvajal [defendant's attorney] was going to take care of securing his appearance."

Defendant's motion to strike the witness' testimony since no cross-examination was possible was denied. Defendant then presented his witnesses and the hearing was concluded. On November 16, 1981, an order was entered affirming the default judgment and denying defendant's motion to set aside default judgment. Defendant appeals from that order.

Defendant raises three issues on appeal: (1) whether the trial court abused its discretion in refusing to set aside the default judgment; (2) whether the trial court erred in not striking the testimony of the process server; and (3) whether damages were improperly awarded, since no evidence on damages was received by the court.

We address the second issue, since it is dispositive, and comment on the third issue for purposes of guidance.

**Testimony of Process Server**

We limit our discussion to the issue as framed by the parties.

■■■ Plaintiff contends that defendant failed to show he was prejudiced by his inability to cross-examine the witness. Plaintiff argues that defendant could have sought post-judgment relief by deposing the process server, and then moving for a new trial based upon newly discovered evidence if it appeared the witness had lied. *See State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979) (Cross-examination of surprise rebuttal witness allowed, but defendant denied continuance to allow time to find witnesses to corroborate or contradict witness' testimony.)

Plaintiff is mistaken in thinking the defendant needs to show prejudice. The rights of confrontation and cross-examination are basic ingredients of a fair trial. *Crabtree v. Measday*, 85 N.M. 20, 508 P.2d 1317 (Ct.App.1973). Defendant is prejudiced simply by not having the opportunity in cross-examination to challenge the witness' credibility and the weight of his testimony. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). The party who did not call the witness

> may in all cases cross-examine the witness in respect to all the material matters disclosed in the examination in chief * *.

Cross-examination is the right of the party against whom the witness is called, and the right is a valuable one as a means of separating hearsay from knowledge, error from truth, opinion from fact, and inference from recollection, and as a means of ascertaining the order of the events as narrated by the witness in his

examination in chief, and the time and place when and where they occurred, and the attending circumstances, and of testing the intelligence, memory, impartiality, truthfulness, and integrity of the witness[.]

*The Ottowa*, 70 U.S. [3 Wall] 268, 18 L.Ed. 165 (1865).

Further, the subpoena provided: "We command you, and each of you, to be and appear before Judge Gerald Fowlie * * * on August 25, 1981 * * * and thereafter as you may be advised by the Court or the attorney requesting this subpoena * * *." Since the trial court did not excuse the witness after the first hearing, the witness should have been present at the later hearings, and it was plaintiff's duty to secure that appearance. It was not defendant's duty to subpoena the witness. The witness was still subject to the subpoena served by plaintiff. It was an abuse of discretion for the trial court to deny defendant's motion to set aside default judgment without allowing defendant the opportunity to cross-examine the witness.

### Proof of Damages

Should the trial court deny defendant's motion after taking additional testimony, the damages issue will still remain.

Plaintiff asked for $15,000 in damages. A default judgment was entered in the amount of $15,000. It does not appear in the record that any evidence on damages was received. Defendant argues it was error not to hold a hearing on the amount of damages. Plaintiff contends the trial court could have determined without a hearing that $15,000 was an appropriate compensatory damage award for the plaintiff. Plaintiff also argues that to require plaintiffs to prove damages in default cases would encourage defendants without a valid defense to fail to answer, thereby burdening the courts and plaintiff with unnecessary proceedings and expenses.

■ New Mexico decisions recognize that liability and damages are different and separate concepts. *Herrera v. Springer Corporation*, 85 N.M. 6, 508 P.2d 1303, *reversed on other grounds*, 85 N.M. 201, 510 P.2d 1072 (1973). Thus, a default judgment is not necessarily an admission of the amount of damages pled by plaintiff. *See, Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (Ct. App.1976). Rule 55 of the N.M.R.Civ.P., N.M.S.A.1978 (1980 Repl.Pamph.), provides in part: "If, in order to enable the court to enter [default] judgment and to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court *may* conduct such hearings * * * as it deems necessary and proper * * *." (Emphasis added.) Plaintiff argues that Rule 55 vests the district court with discretion to determine whether a hearing on damages is necessary.

We would agree with plaintiff if the damage claim were for a liquidated sum. However, where the claim for damages is unliquidated, it would be an abuse of discretion not to have a hearing and to put plaintiff to the test of presenting evidence to support the claim for damages. *Gallegos v. Franklin, supra.*

Thus, under the foregoing analysis, we need not reach plaintiff's contention of a possible conflict between *Gallegos* and *Herrera*. Our holding is limited to 1) the right of cross-examination, and 2) the right to a hearing when the claim for damages is for an unliquidated amount.

We reverse and remand.

IT IS SO ORDERED.

NEAL, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I specially concur.

The course of events in this physical fight between two brothers is typical of a case that exemplifies a waste of time and expense. This family feud, three years of age, should end and the case dismissed.

On July 13, 1979, plaintiff filed a complaint against defendant, his brother, for assault and battery.

On June 9, 1980, 10½ months later, a summons was filed which showed that on

July 24, 1979, Orlando Romero served the summons and complaint on defendant. On the same day, plaintiff filed a motion for default judgment, the district court clerk certified no appearance for defendant, and default judgment was entered against defendant for $15,000.00. This concluded the services of plaintiff's attorney.

On July 28, 1981, almost two years after the complaint was filed, execution was issued at request of the present lawyer for plaintiff.

On August 11, 1981, defendant entered his appearance and filed a motion with affidavits to set aside the default judgment.

On August 14, 1981, defendant filed a petition for a temporary restraining order to stop the sheriff from enforcing the execution.

On August 18, 1981, a temporary restraining order was entered in which defendant's motion was set for hearing August 25, 1981.

On August 25, 1981, a hearing was held. Defendant and wife testified that summons was never served on them. Plaintiff subpoenaed Orlando Romero to testify on plaintiff's behalf. On direct examination, Romero testified that summons was served on defendant. At the close of his direct testimony, the court announced:

I'm sorry, I won't be able to conclude this. We'll have to take some time and come back. I've got these criminal matters.

On September 21, 1981, plaintiff's attorney appeared alone before the court and asked the court to deny defendant's motion and allow the default judgment to stand. The court said:

I so find.

Plaintiff's attorney said:

I will prepare an order Your Honor, and bring it by for your signature.

On September 23, 1981, defendant filed a motion with affidavits in which it requested the trial court to allow defendant to present the balance of this case which summarily ended on August 25, 1981.

On September 28, 1981, the parties appeared before the court and reviewed the prior proceedings at length. Defendant requested the court not to enter an order prepared by plaintiff's attorney which would deny defendant's motion to set aside the judgment. The parties and the court agreed to allow defendant to finish the hearing held on August 25, 1981.

On November 9, 1981, plaintiff's attorney and defendant and his attorney appeared in court. Defendant called Orlando Romero for cross-examination. He was not present. A dispute arose over whether plaintiff or defendant should subpoena Romero to appear. Defendant moved to strike Romero's testimony since he failed to show up for cross-examination. An extended argument took place. The court stated:

I want to reserve ruling.

Defendant and his wife testified again and controverted the testimony of Romero. Another witness was called by defendant. Again, extended argument followed. At the close of argument, the court answered:

I'm going to have to go back and look at the record of prior hearings, and I'll get back to counsel as soon as I can.

On November 12, 1981, the court wrote opposing lawyers a letter in which it announced:

I deny defendant's motion to set aside the judgment.

On November 15, 1981, an order was entered in which the court found:

(1) That service of process was properly effected on Defendant Felix Armijo on July 24, 1979.

(2) That the Default Judgment entered in this case on June 9, 1980, was entered pursuant to applicable New Mexico law and was proper in all respects.

(3) That Defendant's Motion should be denied based upon the evidence adduced and other matters properly before the Court's consideration.

The default judgment was affirmed and defendant's motion to set it aside denied.

Defendant appealed.

"A motion to set aside a default judgment is addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of that discretion." *Springer Corporation v. Herrera*, 85 N.M. 201, 202, 510 P.2d 1072 (1973). The trial court abused its discretion.

*First,* no default judgment should be summarily entered 10½ months after a complaint is filed without inquiry by the court or some explanation by plaintiff. To fail to do so constitutes an abuse of discretion. See *Herrera v. Springer Corporation*, 85 N.M. 6, 16, 508 P.2d 1303 (Ct.App.1973), Sutin, J., dissenting. The onerous consequences which follow a default judgment do not justify plaintiff appearing before the court with a judgment in hand to be signed under the circumstances of this case. Nothing appears to show that at the time the judgment was signed, the record was before the court or any proceedings held. Before any default judgment is entered, a record should be made, especially so when process is filed 10½ months after allegedly served, no explanation given for the delay and the failure of the defendant to appear. Did any contact take place between the parties during this interim period? If service were made, did plaintiff lead defendant to believe the complaint would be dismissed? Was service of summons actually made? Six weeks after the default judgment was obtained by plaintiff's lawyers, another lawyer pursued execution and all other proceedings. No explanation appears for the change of lawyers at this crucial time.

Summary default judgments when seriously questioned should be set aside.

*Second,* "Where the opposing party, without fault on his part, is deprived of the opportunity of a cross-examination, it is generally held that he is entitled to have the direct testimony stricken from the record." *Citizens Bank & Trust Co. v. Reid Motor Co.,* 216 N.C. 432, 5 S.E.2d 318, 320 (1939); *State v. Gardner,* 269 S.C. 698, 239 S.E.2d 729 (1977); *A. H. Angerstein, Inc. v. Jankowski,* 55 Del.Super. 304, 187 A.2d 81 (1962); *Best v. Tavenner,* 189 Or. 46, 218 P.2d 471 (1950); *Nehring v. Smith,* 243 Iowa 225, 49 N.W.2d 831 (1951); 98 C.J.S. Witnesses § 373 (1957); 81 Am.Jur.2d Witnesses § 465 (1976). When importance of direct testimony appears, the failure of the court to recall the witness is an abuse of discretion. *People v. Manchetti,* 29 Cal.2d 452, 175 P.2d 533 (1946).

The precise question involved was whether Orlando Romero served the summons on defendant. The purpose and object of cross-examination are so well known, it is unnecessary to state them. See, *State v. Anaya,* 79 N.M. 43, 439 P.2d 561 (Ct.App. 1968); *Jankowski, supra; Huffman v. City of Hot Springs,* 237 Ark. 756, 375 S.W.2d 795 (1964); 98 C.J.S. Witnesses § 372, 483; 81 Am.Jur.2d Witnesses § 520. The trial court erred in denying defendant's motion to strike Romero's testimony. It should be stricken from the record below.

Absent Romero's testimony, the only evidence before the court is the notarized summons of Romero that process was served and the denial thereof by defendant and his wife.

The Final Order entered on November 16, 1981, should be reversed. On remand, the Order entered below should be vacated and set aside. The trial court should weigh the evidence of the summons issued and served absent Romero's testimony against the testimony of defendant and his wife, make a finding of fact, and enter an order affirming or vacating the default judgment. If the default judgment is affirmed, a hearing must be held on the issue of damages. If the default judgment is vacated, defendant must be allowed to file an answer to plaintiff's complaint.

The costs of this appeal should be paid by plaintiff.