796 P.2d 1104

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**James W. GIBBINS,
Defendant–Appellant.**

**No. 11195.**

Court of Appeals of New Mexico.

Feb. 6, 1990.

Certiorari Denied March 19, 1990.

Hal Stratton, Atty. Gen., Margaret Mc-Lean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Don Klein, Jr., Socorro, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals his conviction for voluntary manslaughter with firearm enhancement. Defendant claims: (1) the trial court's refusal to allow him to further cross-examine a state's witness during defendant's case-in-chief violated the sixth amendment's compulsory process clause; (2) the trial court erred in admitting state's exhibit 14; (3) the jury instruction on self-defense deprived defendant of due process of law; (4) the trial court erred in excluding certain evidence defendant offered; and (5) the trial court erred in failing to instruct the jury on involuntary manslaughter. We affirm.

## FACTS

Defendant claimed self-defense in the May 10, 1988, shooting death of Johnny Valenzuela. At the time of the shooting, defendant was 60 years old and in poor health. The victim was in his late twenties and was healthy and muscular. Defendant alleged the victim was a bully who drank excessively and was prone to unprovoked violence when drinking. At the time of his death, he had a .23 blood-alcohol level.

Approximately thirty minutes prior to the shooting, the victim had severely beaten defendant. He ceased the beating only when restrained by friends. Defendant testified he did not attempt to fight back because he was no match for a younger man. There was medical testimony that the beating inflicted on defendant would have been harmful to a person in his physical condition and that another beating a short time later might have caused death.

After the initial altercation, defendant was standing outside his home and was approached by the victim in a threatening manner. The victim moved toward defendant at a fast walk from a distance of about 300 feet. After verbal warnings to the victim, from both defendant and Valenzuela's girlfriend, defendant grabbed a loaded .22 caliber rifle from his truck. Despite additional warnings, the victim continued his approach. Defendant then shot Valenzuela, firing twelve shots in approximately two to three seconds. Shortly after the shooting, defendant left the scene in his truck and disposed of the rifle. He was arrested later that evening.

The state filed a criminal information charging defendant with first degree murder, second degree murder, and tampering with evidence. The trial court instructed the jury on those offenses in addition to voluntary manslaughter and self-defense. Defendant was acquitted of first and second degree murder and tamperinq with evidence. He was convicted of voluntary manslaughter with firearm enhancement. *See State v. Melendez,* 97 N.M. 738, 643 P.2d 607 (1982).

## DISCUSSION

1. Whether the trial court's refusal to allow defendant to cross-examine a state's witness during his case-in-chief violated the sixth amendment's compulsory process clause.

The state called investigating Officer McShan as its first witness at trial, and

defense counsel extensively cross-examined him. After the completion of his testimony, the trial court asked the parties if the witness could be excused. Defense counsel indicated he had no objection to excusing the witness "subject to recall." The trial court excused Officer McShan "subject to recall" and told him to keep himself available.

After the state had rested its case, and during cross-examination of defendant, the state moved to admit its exhibit 14, consisting of a 16–page statement defendant gave to Officer McShan the day after the shooting. After unsuccessful objection to admission of the statement, defense counsel requested the trial court to order Officer McShan to appear for further cross-examination on every question he asked of defendant while taking the statement. The trial court told defendant to subpoena Officer McShan. Defense counsel responded that a subpoena was unnecessary since Officer McShan was part of the state's case and that defendant had a right to cross-examine him. Ultimately, the trial court did not secure the presence of the officer.

Relying on *Armijo v. Armijo*, 98 N.M. 518, 650 P.2d 40 (Ct.App.1982), defendant claims a violation of the sixth amendment's compulsory process clause. We do not find *Armijo* controlling because it addresses a situation where a party had been completely denied the right of cross-examination and confrontation. *Id.* Defendant appears to argue he had an absolute right to further cross-examine Officer McShan because he was excused "subject to recall." We disagree. Defendant did not specifically reserve his right to recall Officer McShan for further cross-examination. *See Walker v. State*, 416 So.2d 1083 (Ala.Crim.App. 1982) (where the record did not support a finding that defense counsel specifically reserved a right to recall witnesses for further cross-examination or that the trial court granted such a reservation, there was no abuse of the trial court's discretion in refusing defense counsel the right to recall those witnesses; furthermore, any error was harmless). *See also Baxter v. State*, 360 So.2d 64 (Ala.Crim.App.1978) (denial of party's request for further cross-examina-

tion after the right to recall has been granted may constitute an abuse of discretion, but the record in this case did not support a finding that defense counsel specifically "reserved a right to recall the witness for further cross-examination" or that the court granted such a request).

We find that *State v. Vigil*, 91 N.M. 156, 571 P.2d 423 (Ct.App.1977), controls the disposition of this issue which involves the trial court's discretion to control the order and interrogation of witnesses. *See* SCRA 1986, 11–611. After Officer McShan completed his testimony, defendant failed to inform the trial court of any new matters brought out on redirect, and defendant waited until his case-in-chief to request the trial court to order the officer's presence for further cross-examination. Under these circumstances, defendant waived any error in the trial court's refusal to order Officer McShan to return for further cross-examination. *See State v. Vigil.*

We also note that the trial court did not deny defendant the opportunity to call Officer McShan as a witness on behalf of the defense. It simply required the officer be subpoenaed. *See Baxter v. State* (defendant entitled to call a witness used by prosecution as his own). The record is silent as to whether defense counsel made any effort to subpoena Officer McShan, whether the officer was amenable to process, or whether he did "keep himself available" as the trial court ordered. *See Schwartzmiller v. State*, 108 Idaho 329, 699 P.2d 429 (Ct.App.1985) (sixth amendment allocates to defense the burden of producing witnesses in his favor and the risk of losing the benefit of their testimony if the initiation burden is not met). The transcript indicates that had defendant subpoenaed Officer McShan, the trial court would have allowed further testimony from him.

2. Whether the trial court erred in admitting state's exhibit 14.

█ As noted above, state's exhibit 14 is a statement given to Officer McShan by defendant the day after the shooting. Contrary to assertions in defendant's brief, our

review of the transcript indicates the state moved to admit exhibit 14 during its cross-examination of defendant as to what he did with the gun after the shooting, as opposed to moving the admission relative to the question of whether any animosity existed between the victim and defendant. The state moved for admission of exhibit 14 as a prior statement inconsistent with defendant's trial testimony. *See* SCRA 1986, 11–801(D)(1)(a).

Defendant objected to the admission of exhibit 14 on various grounds. Most of the grounds he urges on appeal are not the grounds he argued below. *See State v. Lopez,* 84 N.M. 805, 508 P.2d 1292 (1973) (objection must be specific enough to alert mind of trial court to claimed error). Defendant's objections below were that his statement to Officer McShan about what he did with the gun after the shooting was not inconsistent with his trial testimony, that the statement would be confusing and misleading to the jury because it had already been read into the record and the jury had already heard it, and the statement was not the best evidence of what defendant's testimony was. We see no merit in the last two grounds for excluding exhibit 14. The jury heard defendant's testimony. The state was entitled to impeach him with any prior statements he made inconsistent with his trial testimony and to introduce those statements into evidence. *State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979) (where statement made available to defendant for impeachment, state may introduce into evidence only that portion of the statement used to impeach the witness).

The main thrust of defendant's argument on appeal is that it was error to admit the entire exhibit because it contained extraneous material which could only have prejudiced him. *See id.* In effect, defendant urges for the first time on appeal that the exhibit should have been excluded on relevancy grounds. However, defendant's objections below were insufficient to preserve this ground for appeal. *See State v. Lopez.* Defendant did not move to limit the admission of exhibit 14 to that portion for which the state sought to introduce it. *See State v. Manus.*

Moreover, we have reviewed the exhibit and have concluded that the prejudicial effect of it, if any, was slight. *See* SCRA 1986, 11–103(A). Defendant claims the exhibit prejudiced him because it contained cursing and mentioned a prior offense. Our review of the transcript indicates that defendant testified at trial in much the same manner he gave the statement to Officer McShan in that he used some curse words during his trial testimony. Moreover, the state cross-examined defendant on the prior offense for which defendant was acquitted because it was relevant to whether any animosity existed between the victim and defendant. In addition, the statements in exhibit 14 as to the material facts surrounding the shooting are consistent with defendant's trial testimony. This case does not present a situation where defendant did not have an opportunity to explain any inconsistencies between the statements contained in exhibit 14 and his trial testimony as to the material facts surrounding the shooting. *See State v. Manus.*

Therefore, the only issue properly before this court, with respect to the admission of exhibit 14, is whether it is inconsistent with defendant's trial testimony concerning what he did with the gun. However, we do not have to consider whether the statement was properly admitted because the only objection defendant made was relevant to the tampering with evidence charge, and the jury acquitted defendant of this charge.

3. Whether the jury instruction on self-defense deprived defendant of due process of law.

■ Defendant argues the jury instruction on self-defense violated due process mainly because it gave the jury no meaningful standards by which to judge his conduct. *See* SCRA 1986, 14–5171. Although defendant's requested jury instruction is not in the record proper, our review of the transcript indicates the trial court gave the instruction that defendant requested with one modification. *See State v. Mills,* 94

N.M. 17, 606 P.2d 1111 (Ct.App.1980) (defendant may not complain of instruction given at his own request). Defendant does not argue on appeal that there was any error in the modification the trial court made in the instruction on self-defense he requested. Therefore, defendant has waived whether the jury instruction on self-defense violated due process. *See id.*

In addition, the trial court instructed the jury in accordance with U.J.I. Crim. 14-5171. This court does not have the authority to abolish instructions approved by the supreme court. *See State v. Sparks,* 102 N.M. 317, 694 P.2d 1382 (Ct.App.1985).

4. Whether the trial court erred in excluding certain evidence defendant offered.

 Defendant claims the trial court erred in excluding Sgt. Welborn's testimony. Sgt. Welborn's tendered testimony concerned an incident involving another police officer in which the victim was shot through the heart at close range with a shotgun and ran 90 to 100 feet before collapsing. This testimony was relevant to the state's evidence that the victim could not have continued his approach toward defendant during the entire time defendant was shooting him. The state objected to the admission of the testimony on hearsay grounds because the incident involved another officer who was not available to testify. The state also objected on relevancy grounds because the incidents were not similar.

On appeal, we review the admission and exclusion of evidence under an abuse of discretion standard. *See State v. Lopez,* 105 N.M. 538, 734 P.2d 778 (Ct.App.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987). We find no abuse of discretion in the trial court's exclusion of the evidence on hearsay and relevancy grounds. In addition, the testimony was cumulative of defendant's testimony that the victim continued his approach during the entire time defendant was shooting him. *See* SCRA 1986, 11-403. It was also cumulative of Lt. Gregory's testimony that a .22 caliber rifle does not have much

"knock down power" and that a person can be shot with one numerous times before going down. *See id.*

5. Whether the trial court erred in failing to instruct the jury on involuntary manslaughter.

 Defendant claims the trial court erred in failing to instruct the jury on involuntary manslaughter. This issue is without merit because defendant did not request an instruction on involuntary manslaughter. *See State v. Gallegos,* 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978). Moreover, the transcript and the record proper reveal that defendant objected to any instructions on manslaughter. *See State v. Najar,* 94 N.M. 193, 608 P.2d 169 (Ct.App. 1980).

For all of the above reasons, we affirm defendant's conviction.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.