[Cite as *State v. Gibson*, 2016-Ohio-7629.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :        Case No. 16CA7

v.                                       :

                                              DECISION AND
TRAVIS GIBSON,                           :        JUDGMENT ENTRY

    Defendant-Appellant.             :        RELEASED 10/31/2016

_____

APPEARANCES:

Eric J. Allen, The Law Office of Eric J. Allen, Ltd., Gahanna, Ohio, for defendant-appellant
Travis Gibson.

Anneka Collins, Highland County Prosecuting Attorney, and James Roeder, Highland County
Assistant Prosecuting Attorney, Hillsboro, Ohio, for plaintiff-appellee State of Ohio.

_____

Hoover, J.

{¶1}    This is an appeal from a judgment of conviction and sentence entered by the

Highland County Court of Common Pleas following a jury trial at which Travis Gibson

("Gibson"), appellant herein, was found guilty of one count of breaking and entering and one

count of theft. On appeal, Gibson contends that the trial court abused its discretion and denied his

rights under the Confrontation Clause when it did not permit him to recross-examine the State's

material witness at trial. Because Gibson did not object to the denial of his request to recross-

examine the witness at trial, he waived all but plain error.  Having reviewed the record, we find

that Gibson has not established plain error. As such, we overrule his sole assignment of error and

affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶2}     On September 21, 2015, Junior Ray Neal[1] was traveling to his home in Hillsboro, Ohio. As Neal was approaching his home, he observed a white pickup truck exiting his driveway. As the vehicles passed each other, Neal observed Gibson operating the pickup truck and also observed his rototiller in the bed of the truck. Upon examining his garage, Neal discovered that several other belongings were missing. Neal had known Gibson because Gibson had been to his house before.[2]

{¶3}     Neal contacted law enforcement and an officer from the Hillsboro Police Department arrived at his home to investigate. Neal informed the officer that items were missing from his garage. Neal also identified the driver of the pickup truck as Gibson.

{¶4}     Later in the evening, Neal called law enforcement to report that he had located a couple of the stolen items. Law enforcement returned to his home and met with him and Delbert Harless. Harless reported that he had purchased the recovered items from Gibson.

{¶5}     Gibson was eventually located that evening. Gibson told the officer that he and Neal had an arrangement for him to take certain items to sell to Harless. Neal denied any such arrangement when confronted by the officer.

{¶6}     A criminal complaint was filed against Gibson charging him with breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree. Gibson waived his right to a preliminary hearing; and the case was bound over to the grand jury. Subsequently, on November 3, 2015, the Highland County grand jury indicted Gibson on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

-----

[1] The trial transcript spells this individual's last name as "Neil"; but other record documents spell his surname "Neal".

[2] There was conflicting evidence as to whether Gibson had been to the victim's home a year prior, two weeks prior, or a day prior to September 21, 2015.

{¶7}     A single day jury trial was held on February 25, 2016. At the conclusion of trial,

the jury returned guilty verdicts on both counts. The trial court entered judgment on the verdicts

and sentenced Gibson to 12 months in prison. This appeal followed.

## II. Assignment of Error

{¶8}     On appeal, Gibson assigns the following error for our review:

> THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO CONFRONT
> HIS ACCUSER GUARANTEED BY THE SIXTH AMENDMENT TO THE
> FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATES BY
> THE FOURTEENTH AMENDMENT BY NOT ALLOWING HIM TO RE-
> CROSS EXAM [SIC] THE PROSECUTING WITNESS IN THIE [SIC]
> MATTER.

## III. Law and Analysis

{¶9}     In his sole assignment of error, Gibson contends that it was prejudicial error for

the trial court to deny defense counsel the opportunity to conduct a recross-examination of the

State's witness, Neal, where the prosecution had allegedly inquired into new areas during

redirect-examination, and that this constitutes a denial of his right to confront the witnesses

against him as guaranteed by the Sixth Amendment to the United States Constitution.[3]

{¶10}   During trial, Neal testified for the prosecution. After the State conducted direct

examination, Gibson's attorney conducted cross-examination. The State then attempted to

rehabilitate Neal on redirect. As Neal was ordered to step down, Gibson's counsel requested that

he be permitted to recross-examine Neal. This request was denied, with the trial court stating:

"No. The rules are that he gets to re-direct on what you raised only, and that's it. So you may

---

[3] The Sixth Amendment to the United States Constitution reads as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an
> impartial jury of the State and district wherein the crime shall have been committed, which district
> shall have been previously ascertained by law, and to be informed of the nature and cause of the
> accusation; to be confronted with the witnesses against him; to have compulsory process for
> obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

step out." Gibson argues that the trial court's refusal to permit recross denied him the right to confront the witness because the State had elicited new material on redirect-examination; and he did not have the opportunity to cross-examine the witness on the new matters. We disagree.

{¶11}  A criminal defendant must have the opportunity to cross-examine all witnesses against him, but the nature and extent of the opportunity to recross-examine a witness is a matter within the trial court's sound discretion. *State v. Faulkner*, 56 Ohio St.2d 42, 46, 381 N.E.2d 934 (1978). Only where the prosecution inquires into new areas on redirect-examination must the trial court then allow the defense the opportunity to recross-examine. Where no new matters are explored on redirect-examination, it is not an abuse of discretion for the trial court to deny defense counsel's request to conduct a recross-examination. *Id. Accord State v. Johnson*, 4th Dist. Scioto No. 93CA2201, 1995 WL 11164, *1 (Jan. 4, 1995).

{¶12}  "Because redirect examination is limited to new matters raised on cross-examination, '[i]deally, no new material should be presented on redirect, because litigants will in theory have presented all pertinent issues during the direct examination of [sic] it stands to reason that no new matters should arise on redirect examination.' " *State v. Hartley*, 8th Dist. Cuyahoga No. 81706, 2003-Ohio-3946, ¶ 14, quoting *United States v. Riggi*, 951 F.3d 1368, 1375 (3d Cir.1991), in turn citing *United States v. Morris*, 485 F.2d 1385, 1387 (5th Cir.1973).

{¶13}  "However, it is sometimes inevitable that new matters will arise during redirect examination. When new matters do arise on redirect examination, the trial court 'must' allow the defense the opportunity to recross-examine." *Id*. at ¶ 15, quoting *Faulkner* at 46. "This is consonant with the Sixth Amendment's right to cross-examination of evidence-if the evidence is 'new,' the right to cross-examination would necessarily attach since cross-examination would be

the only means by which the accused could test the reliability of the evidence." *Id*., citing *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

{¶14} We note that because Gibson failed to object to the denial of his request to recross-examine the witness at trial he has forfeited this issue, absent plain error. Crim.R. 52(B). For a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "[T]he burden of demonstrating plain error is on the party asserting it." *State v. Davis,* 116 Ohio St.3d 404, 2008–Ohio–2, 880 N.E.2d 21, ¶ 378. "We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Merryman,* 4th Dist. Athens No. 12CA28, 2013–Ohio–4810, ¶ 49.

{¶15} Here, after reviewing the record, we find that the trial court did not abuse its discretion or commit plain error by refusing to permit Gibson's request for recross-examination. Gibson argues that the State elicited testimony on new areas during its redirect of Neal. Specifically, he contends that Neal, for the first time, testified on redirect that his garage had been broken into two years prior and that he notified his insurance company of that break-in and that the insurance company had notified law enforcement and filed a report with law enforcement. Next, Gibson contends that the State inquired into new areas when it asked Neal on redirect if he had ever bought anything from Gibson or if he had ever kicked Gibson off his property. These questions, however, were not an attempt to inquire into any new area as suggested by Gibson. Rather, they were inquiries into the areas that were raised by defense counsel upon cross-examination.

{¶16}  On cross-examination, defense counsel suggested that several discrepancies existed between the police report and Neal's testimony, and that Neal had failed to provide the police with all the information that he had testified to on direct examination. Thus, when viewed in the proper context, it is clear that the prosecutor's questions pertaining to prior break-ins and Neal's experience (or inexperience) with filing police reports was an attempt to explain the discrepancies raised by defense counsel on cross-examination. Furthermore, the State's questions on redirect pertaining to Neal's prior relationship or business dealings with Gibson did not raise any new matters. The prosecutor simply pursued the line of questioning that defense counsel raised on cross-examination; for it was the defense that first explored the relationship of the two individuals. Because the State did not raise any new material on its redirect-examination of Neal, the trial court did not commit error, i.e., deviate from a legal rule, or abuse its discretion by refusing to allow the recross-examination of the witness. *See Faulkner,* 56 Ohio St.2d at 46, 381 N.E.2d 934.

{¶17}  Even if we were to assume, arguendo, that the State's redirect-examination of Neal ventured into new areas, we still do not believe that the trial court's refusal to permit recross-examination constitutes plain error under the standard proscribed above. First, we are not persuaded that the purported error affected Gibson's "substantial rights," i.e., that it affected the outcome of the trial. Questions about a prior break-in that occurred two years prior sheds no light on the contested issues of the case, especially since Neal verified at trial that the items taken from the garage, but not recovered, were present the morning of the incident. While further exploration of the relationship between Gibson and Neal may have been helpful to the fact-finder, we believe that the pertinent questions had been asked and answered on cross-examination and that the jury had sufficient evidence before it to judge Neal's credibility.

Certainly, if an error exists, it did not create a manifest miscarriage of justice in this case.

Finally, we note that Gibson did not invoke the plain-error doctrine in his appellate brief. *See State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 25, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 17–20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim). Thus, Gibson's failure to argue plain error also justifies denial of his assignment of error.

{¶18}  Based on the foregoing, Gibson's sole assignment of error is overruled.

## IV. Conclusion

{¶19}  Having overruled Gibson's sole assignment of error, the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

### JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**