528 P.2d 645

**HOME SAVINGS AND LOAN ASSOCIA-
TION, Plaintiff-Appellant,**

v.

**ESQUIRE HOMES, INC., L. B. Edmondson,
aka Lester B. Edmondson and Helen C.
Edmondson, Frank J. Southerland, Ameri-
can Builders Supply of Albuquerque, a Di-
vision of Bates Lumber Co., Inc., Dar Tile,
Inc. and Albuquerque Federal Savings and
Loan Association, Defendants-Appellees.**

**No. 9886.**

Supreme Court of New Mexico.

Nov. 15, 1974.

Franks & de Vesty, Michael F. Croom,
Albuquerque, for plaintiff-appellant.

Robinson, Stevens & Wainwright, Paul
S. Wainwright, Albuquerque, for defend-
ants-appellees.

## OPINION

MARTINEZ, Justice.

Initially, this action was filed in July of
1966 in the District Court of Bernalillo
County by plaintiff-appellant, Home Sav-
ings and Loan Association, which sought
to foreclose three mortgages. After serv-
ice of summons upon defendants-appellees,
Frank Southerland and Julia C. Souther-
land, a default judgment was entered
against them on January 6, 1967. Thereaf-
ter, in March of 1967, a deficiency judg-
ment in the sum of $14,054.13 was entered
against defendants following sale of cer-
tain real estate. On April 27, 1973, the de-
fendant, Julia C. Southerland (Frank
Southerland having since died), filed a mo-
tion in the trial court to set aside the de-
fault judgment pursuant to Rules 55 and
60(b)(6), Rules of Civil Procedure [§§
21–1–1(55), 21–1–1(60)(b)(6), N.M.S.A.
1953 (Repl.Vol. 4, 1970)]. Following a
hearing, the trial court sustained defend-
ant's motion, concluding from the facts
adduced that defendant had a meritorious
defense to the action and that the de-
ficiency judgment was unjust and should
be set aside.

The trial court found that, at the time of
the commencement of the original suit in
1966, Frank Southerland advised his wife,
Julia, of a letter written by an officer of
the Home Savings and Loan Association,
relieving defendants of any liability con-
cerning the mortgages which were the sub-
ject of the foreclosure action. Although
defendant now denies that the signature on
the guarantees sued upon by Home Sav-

ings and Loan was, in fact, hers, she did not enter an appearance or cause an answer to be filed because of the information as to the purported release, given to her by her husband. At the evidentiary hearing, in support of defendant Southerland's motion, a letter dated February 19, 1964 and addressed to Frank Southerland was introduced into evidence in the action below, under signature of Brad Huckabee, purporting to be a Vice-President of Home Savings and Loan Association. The letter concluded:

"The following is a list of mortgages that you and your wife signed and became responsible for. As of this date, Home Savings will release you from the liability of these mortgages."

The court below further found that, after entry of the deficiency judgment, defendant entered into a negotiated settlement of the judgment at a time when she was unable to locate a copy of the above-quoted letter of February 19, 1964, and, at the time of the hearing, had actually paid the sum of $3,500.00 on such settlement when she again located the original letter described above.

Concluding that such deficiency judgment was unjust, the trial court found that the defendant should be allowed to proceed by filing her answer and proceed to trial and that plaintiff's rights would not be substantially affected by allowing her to do so. The court found further that the plaintiff should tender to the court all sums paid towards the extinguishment of the deficiency judgment.

■ From this judgment, plaintiff appeals, contending that the trial court abused its discretion in overturning the judgment against defendant-appellee, since the evidence does not warrant or support such action and that the motion under Rule 60(b)(6), supra, of defendant-appellee was not "timely."

Initially, we must determine if the trial court acted within a "reasonable time" according to Rule 60, supra. In Freedman v. Perea, 85 N.M. 745, 746–747, 517 P.2d 67, 68–69 (1973), where this Court affirmed the setting aside of judgment as to one of the appellees, as in the case here, this Court stated:

"The only time limit on a motion seeking relief under Rule 60(b)(6) is that it be made within a reasonable time. [Citations omitted.] What constitutes a reasonable time, however, depends on the circumstances of each case. [Citations omitted.]

Based on an evaluation of all the facts in this case, we believe the trial court acted within a reasonable time.

■ There is also involved the question of whether or not the trial court abused its discretion in granting the motion for relief under Rule 60, supra. According to Freedman, supra:

"Whether a judgment will be set aside under Rule 60(b), supra, is ordinarily a matter within the trial court's discretion. [Citations omitted.] Furthermore, the trial court's determination will ordinarily not be reversed except for an abuse of discretion. [Citations omitted.]

Absolutely no showing has been made that the lower court abused its discretion and, accordingly, the judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.