587 P.2d 425

Jose Manuel MOYA et ux.,
Plaintiffs-Appellees,

v.

The CATHOLIC ARCHDIOCESE OF NEW MEXICO, a corporation sole, Joe Moya, et al., Defendant-Appellant.

No. 11756.

Supreme Court of New Mexico.

Oct. 23, 1978.

Rehearing Denied Dec. 6, 1978.

Solomon, Roth & Van Amberg, Ronald J. Van Amberg, Santa Fe, Leof T. Strand, Albuquerque, for defendant-appellant.

Ruben Rodriguez, Santa Fe, for plaintiffs-appellees.

## OPINION

FEDERICI, Justice.

This is a suit to quiet title brought by plaintiff Jose Manuel Moya (appellee) in the District Court of Santa Fe County. The district court entered default judgment against defendant Joe Moya (appellant). Following a hearing, appellant's motion to reopen the proceedings and set aside the default judgment was denied. Appellant appeals. We reverse.

The pertinent facts concern the method by which process was served upon appellant. The suit was filed on April 28, 1977. On May 27, 1977, a copy of the complaint and summons was left at appellant's home. It is undisputed that the papers were rolled up and inserted in the door handle of a screen door on the front porch of appellant's house. The front porch is enclosed. There is evidence that the documents were found under a couch on the porch and were not discovered by appellant until some time in August 1977, after default judgment had been entered on August 8, 1977. Seventeen

days later appellant filed his motion to re-open the proceedings and to set aside the default judgment, which the trial court denied.

Appellant contends that the district court lacked jurisdiction over him because the method by which process was served failed to meet the requirements of N.M.R.Civ.P. 4(e)(1) [§ 21–1–1(4)(e)(1), N.M.S.A.1953 (Repl.1975)].

 N.M.R.Civ.P. 4(e)(1) reads, in pertinent part: "[A]nd if no such person be found willing to accept a copy, then service shall be made by *posting such copies in the most public part of defendant's premises.*" (Emphasis added.) In this jurisdiction, "posting" is substituted service. *Vann Tool Co. v. Grace*, 90 M.M. 544, 566 P.2d 93 (1977). Statutes authorizing substitute service are to be strictly construed. *Household Finance Corporation v. McDevitt*, 84 N.M. 465, 505 P.2d 60 (1973). The word "posting" as used in Rule 4(e)(1) means to affix, attach or otherwise fasten up physically *and to display in a conspicuous manner. Moody v. Winchester Management Corp.*, 321 A.2d 562 (D.C.App.1974).

This is a case of first impression in this jurisdiction. Other jurisdictions have held that posting summons, in the manner done in this case, does not constitute valid substituted service. An often quoted case on point is *Sours v. State Director of Highways*, 172 Ohio St. 242, 175 N.E.2d 77 (1961). The Ohio statute permitted substituted service upon a defendant by "leaving a copy at his usual place of residence." The deputy sheriff, finding no one at home, attempted to make service by placing a rubber band around the summons and complaint and attaching the same to the outside doorknob of the house. The defendants did not enter an appearance or plead to the action and were defaulted. In holding that there was no valid service, the court stated:

> For substituted service by leaving a copy of the summons at the usual place of residence to be valid, the summons must be left at the residence of the defendant in such a place and in such a manner that it is reasonably probable that the defend-ant will actually receive the notice of the action against him. (Citations omitted.)

> Does the fastening of a summons to the doorknob of the residence fulfill the above requirements? . . .

> One must take into consideration the fact that today it is common practice of large numbers of advertisers and other door-to-door canvassers to attach their sundry materials to the doorknobs of homes by means of rubber bands or otherwise. In the usual case, it is unlikely that these numerous papers so attached will receive careful attention from the occupants of the household. The occupant does not expect to find important legal or business papers in such a place. It is a common experience for persons first entering the house, be they adult members of the family, their children, or merely visitors, to remove such matter from the door and to immediately dispose of it or at best to make no more than a cursory inspection of such papers.

> In addition, it seems apparent that the attachment of a summons to a doorknob by means of a rubber band hardly represents a secure means of attachment to the door. Wind, rain or any small physical disturbance of the summons so attached may easily lead to its falling from the door and being blown away or falling into such a place as to cause the paper to pass unnoticed by the occupants of the residence.

> Therefore, our conclusion is that the placing of a rubber band around a summons and attaching it to the outside doorknob of either the side door or the front door of a house fails to constitute the leaving of the summons at the usual place of residence, in such place and in such manner that the defendant may reasonably be expected to receive it.

175 N.E.2d at 79. *See also Ohio Casualty Insurance Company v. Reese*, 24 Ohio Misc. 34, 259 N.E.2d 183 (1970). Annot., 87 A.L. R.2d 1163 (1963).

 It is a fundamental due process requirement that summons be served in a manner reasonably calculated to bring the

proceedings to the defendant's attention. *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This requirement was not met in this case. Therefore, the trial court did not acquire jurisdiction over appellant.

The cause is reversed and remanded with directions to set aside the default judgment against appellant Moya, and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.