657 P.2d 624

**DANIELS INSURANCE AGENCY, INC., Appellant,**

v.

**Larry R. JORDAN, Appellee.**

**No. 14372.**

Supreme Court of New Mexico.

Dec. 6, 1982.

298

Gary Don Reagan, Hobbs, Sarah M. Singleton, Santa Fe, for appellant.

Raymond W. Schowers, Sutin, Thayer & Brown, Albuquerque, for appellee.

OPINION

PAYNE, Chief Justice.

Daniels Insurance Agency, Inc., appeals from a judgment dismissing the company's motion to vacate an arbitration award in favor of Daniels' former employee, Larry R. Jordan, and confirming the award of the arbitrator. The issues on appeal are whether the trial court erred in finding that the Uniform Arbitration Act, §§ 44–7–1 through 44–7–22, N.M.S.A.1978, was not applicable to the proceeding and that the court had no jurisdiction over the subject matter of the action under the rules of the American Arbitration Association. We reverse.

Daniels sought to restrain Jordan from engaging in the bonding business on grounds of a restrictive convenant in Jordan's employment contract with Daniels. The parties submitted the matter to arbitration pursuant to a broad clause in Jordan's employment contract:

> Any controversy or claim arising out of, or relating to this Agreement, or breach thereof, shall be settled by arbitration in the City of Hobbs, New Mexico, in accordance with the rules then obtaining of the American Arbitration Association; judgment upon the award rendered may be entered in any Court having jurisdiction thereof.

Arbitration ensued under Commercial Arbitration Rules of the AAA. After a hearing, the AAA arbitrator entered an award for Jordan and denied all of Daniels' claims. Six weeks later, Daniels filed a motion in the District Court of Lea County to vacate or modify the award. Jordan filed an answer denying that Daniels had the right to appeal the award under the rules of the AAA and counterclaiming for confirmation of the award. The parties stipulated to the contents of the record of the arbitration proceedings, which included exhibits, briefs, a transcript of testimony taken by the arbitrator, and requested findings of fact and conclusions of law by both sides.

The trial court judgment noted it had heard the arguments of counsel and had

examined the record of the arbitration proceeding. The court found that the Uniform Arbitration Act was not applicable to the proceeding; the rules of the AAA were applicable; under the rules of the AAA, the court had no jurisdiction over the subject matter of the action; the arbitration award should be confirmed in Jordan's favor pursuant to AAA rules; and no findings of fact or conclusions of law should be permitted to be filed by the parties in the court proceeding. Daniels appealed to this court.

 In New Mexico, arbitration proceedings and awards are governed both by common law and by the Uniform Arbitration Act, but provisions of the Act govern where the Act conflicts with the common law. *Chaco Energy Co. v. Thercol Energy Co.,* 97 N.M. 127, 637 P.2d 558 (1981); *Andrews v. Stearns-Roger, Inc.,* 93 N.M. 527, 602 P.2d 624 (1979). The New Mexico Legislature adopted the Act in 1971. The legislative intent in adopting it, and the policy of the courts in enforcing it, is to reduce the caseload of the courts. The Act requires that conflicts be resolved by arbitration when terms of the contract provide for it. *Dairyland Ins. Co. v. Rose,* 92 N.M. 527, 591 P.2d 281 (1979). A valid arbitration defense does not divest the court of jurisdiction and is not properly raised by a motion to dismiss for lack of subject matter jurisdiction. *Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. 273, 609 P.2d 720 (1980). When parties have agreed to arbitrate, however, a court should order arbitration. *K.L. House Const. Co., v. City of Albuquerque,* 91 N.M. 492, 576 P.2d 752 (1978).

The Uniform Arbitration Act specifies procedures for court-supervised arbitration proceedings, §§ 44–7–2 through 44–7–10, but also recognizes that parties may agree to a different procedure, § 44–7–1. The Commercial Arbitration Rules of the AAA provide for a non-court-supervised arbitration proceeding. Only Section 47 of the AAA rules addresses court action:

(a) No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) The AAA is not a necessary party in judicial proceedings relating to the arbitration.

(c) Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof.

 Thus, the AAA rules contemplate the possibility of judicial proceedings but, appropriately, do not attempt to regulate those proceedings. Such regulation is determined as a matter of law by the federal government and the states. Parties may not contract to grant or divest a court of subject matter jurisdiction; such jurisdiction is established only by law.

 In New Mexico, the district courts have original jurisdiction over all cases other than those specifically excepted by the New Mexico Constitution and "such jurisdiction of special cases and proceedings as may be conferred by law...." N.M. Const. art. VI, § 13. Once an arbitration award is granted, whether or not by a court-supervised process, the Uniform Arbitration Act provides a mechanism by which the courts may take jurisdiction to confirm the award, or, in the alternative, to vacate, modify or correct the award, within narrow statutory limits. §§ 44–7–11 through 44–7–13. The Act permits "any court of competent jurisdiction of this state" to enforce an arbitration agreement under the Act and to enter judgment on an award. § 44–7–17. Appeals may be taken from various types of orders, including an order confirming or denying confirmation of an award, an order modifying or correcting an award, or an order vacating an award without directing a rehearing. § 44–7–19. Thus, once the arbitration award was granted and Daniels filed a motion to vacate, the District Court had jurisdiction of the subject matter of the award and the Uniform Arbitration Act applied to the court's review process.

 Daniels claimed that the court should vacate the award because the arbitrator allegedly evidenced partiality and ex-

# 300

ceeded his powers, both of which are statutory grounds for vacating an award. § 44–7–12A(2)–(3). Although the trial court judge said he reviewed the record of the arbitration proceedings, his findings do not indicate whether the record contained substantial evidence supporting or negating Daniels' claims, nor was the record of the arbitration proceedings made a part of the record for this appeal. We therefore remand the case to the District Court to determine whether the arbitration record supports confirmation, or, in the alternative, vacation or modification of the award. We direct the District Court to enter a new judgment or to order a new arbitration hearing in accordance with its findings, consistent with the requirements of §§ 44–7–11 through 44–7–14.

IT IS SO ORDERED.

SOSA, Senior Justice and FEDERICI, J., concur.