692 P.2d 1311

**In the Matter of the Arbitration Between DANIELS INSURANCE AGENCY, INC., and Larry R. JORDAN.**

**Larry R. JORDAN, Appellant,**

v.

**DANIELS INSURANCE AGENCY, INC., Appellee.**

**No. 15321.**

Supreme Court of New Mexico.

Nov. 27, 1984.

Rehearing Denied Jan. 3, 1985.

Raymond W. Schowers, Martha J. Kaser, Sutin, Thayer & Browne, Albuquerque, for appellant.

Gary Don Reagan, R.E. Richards, Hobbs, Sarah M. Singleton, Santa Fe, for appellee.

**OPINION**

RIORDAN, Justice.

Daniels Insurance Agency, Inc. (Daniels) brought suit in district court to vacate or modify an arbitration award rendered in favor of Larry R. Jordan (Jordan). The district court confirmed the arbitration award. Daniels appealed to this Court, and we reversed the district court's decision and remanded the case for further proceedings. *Daniels Insurance Agency, Inc. v. Jordan,* 99 N.M. 297, 657 P.2d 624 (1982). The district court then vacated the arbitration award and ordered a second arbitration. Jordan filed a motion to vacate the order, which the district court denied. Jordan appealed to this Court, and this Court dismissed the appeal because the order was not a "final judgment" and therefore nonappealable. The second arbitration resulted in an award in favor of Daniels. The district court confirmed the second arbitration award. Jordan appeals. We reverse and remand.

The issue we address is whether the district court erred in setting aside the first arbitration award on an oral motion of default.

On February 24, 1977, Jordan and Daniels entered into a written employment agreement which included an arbitration clause and a restrictive covenant prohibiting certain post-employment business activities by Jordan. The arbitration clause provided that all disputes between the parties were to be arbitrated in accordance with the Rules of Commercial Arbitration of the American Arbitration Association (AAA). On November 5, 1980, Jordan terminated the employment agreement. Daniels attempted to enforce the covenant not to compete. The matter was submitted to arbitration, and an award was entered in favor of Jordan. Daniels filed a motion in district court to vacate or modify the arbitration award alleging that the arbitrator was partial and acted in excess of his powers. Jordan, through his attorney, Joe C. Diaz (Diaz), answered and counterclaimed for confirmation of the arbitration award. The district court confirmed the arbitration award in favor of Jordan and determined that the rules of the AAA were applicable; that under those rules the district court lacked jurisdiction over the subject matter; and that the parties should not be permitted to file findings of fact or conclusions of law in the court proceeding. Daniels appealed to this Court. On appeal, Jordan was represented for the first time by Raymond W. Schowers (Schowers). We reversed and remanded the case to the district court to review the record and to determine whether it supported confirmation, vacation, or modification of the arbitration award. *Id.* We directed the district court to "enter a new judgment or to order a new arbitration hearing in accordance with its findings * * * *" *Id.* at 300, 657 P.2d at 627.

On March 30, 1983, the district court mailed notice to Daniels and to Diaz setting a hearing for May 20, 1983, on Daniels' motion to vacate or modify the arbitration award. Diaz had ceased representing Jordan before the appeal but had not withdrawn pursuant to NMSA 1978, Civ.P. Rule 89 (Repl.Pamp.1980). Diaz did not attend the May 20 hearing nor did he notify Jordan or Schowers of it; therefore, neither Jordan nor Schowers attended. At the May 20 hearing, with only Daniels' counsel present, the district court entertained Daniels' oral motion for default judgment and subsequently entered an order vacating the arbitration award, ordering a second arbitration, and appointing a new arbitrator. Jordan filed a motion to vacate the district court's order on the ground that Schowers had not received notice of the hearing. The district court denied Jordan's motion. Jordan appealed to this Court. Upon Daniels' motion, this Court entered a mandate dismissing the appeal.

The second arbitration was held and William McBee (McBee) appeared as alternate counsel on behalf of Jordan. McBee objected to the appointment of the arbitrator on the ground that the district court exceeded its authority and objected to the proceedings as not being conducted in accordance with the rules of the AAA. McBee stated these objections and then withdrew from further participation in the arbitration hearing. The second arbitrator made findings of fact and conclusions of law in favor of Daniels. The second arbitration award prohibited Jordan from competing with Daniels for a specified period of time within a specified distance; required that for the next two years Jordan pay Daniels 50% of gross commissions earned from clients acquired by Jordan from Daniels; required Jordan to pay $158,789.94 as damages for breach of contract; and assessed the costs of the arbitration proceedings against Jordan. The district court confirmed the second arbitration award.

Jordan appeals, raising four issues. We address only one issue since it is dispositive of this case.

At the hearing on Daniels' motion to modify or vacate the arbitration award, counsel for Daniels stated:

In the default of the appearance of Mr. Jordan, either personally or through counsel, I would move the Court to grant the request * * * to vacate the arbitration award, and * * * to name a new

arbitrator and to order an arbitration before him.

Counsel for Daniels further stated:

I would rest on the record, and in the absence of an appearance, ask the Court to grant the relief sought.

The district court agreed, stating:

I can see no reason not to, unless I get word Mr. Diaz, by reason of the distance, has been hampered for reasons beyond his control.

After ascertaining that Diaz would not be attending the hearing (for undetermined reasons), the district court stated:

All right, then * * * I'll entertain [Daniels'] motion for a default judgment.

The district court thereafter vacated the first arbitration award and ordered a second arbitration.

■■■ Default judgments are disfavored by the law, *Franco v. Federal Building Service, Inc.*, 98 N.M. 333, 334, 648 P.2d 791, 792 (1982), as are litigants who attempt to take advantage of an opponent's surprise, mistake, neglect, or inadvertence. *Gengler v. Phelps*, 89 N.M. 793, 797, 558 P.2d 62, 66 (Ct.App.1976). Therefore, procedural safeguards such as NMSA 1978, Civ.P. Rule 55(b) (Repl.Pamp.1980) have been established to insure that every litigant receives his day in court. Rule 55(b) provides in pertinent part:

If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with *written notice* of the application for judgment *at least three days prior to the hearing* on such application * * * * (Emphasis added.)

We firmly believe that "the failure to give notice pursuant to [Rule 55(b)] coupled with the giving of a default judgment without hearing or *notice of hearing*, when matters stood at issue, constitutes a violation of the due process clause of our constitution." *Adams & McGahey v. Neill*, 58 N.M. 782, 786, 276 P.2d 913, 916 (1954) (emphasis added).

In the present case, there is no evidence that Diaz, Jordan, *or* Schowers were ever served with *written* notice of an application for default judgment. Nevertheless, the district court entertained and granted the *oral* motion for default judgment in violation of Rule 55(b).

■■■ We therefore determine that Daniels failed to comply with the notice requirement of Rule 55(b) and that the district court erred in entertaining and granting Daniels' default judgment motion.

This case is again remanded to the district court to determine whether the arbitration record supports confirmation, modification, or vacation of the first arbitration award. *Daniels Insurance Agency, Inc. v. Jordan*, 99 N.M. at 300, 657 P.2d at 627. We again direct the district court to enter a new judgment or to order a new arbitration hearing in accordance with its findings. *Id.*

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.

WALTERS, J., dissenting.

WALTERS, Justice (dissenting).

I do not agree with the basis upon which the majority has proposed to dispose of this appeal, or the manner of its disposition.

In *Daniels Insurance Agency v. Jordan*, 99 N.M. 297, 657 P.2d 624 (1982), this Court directed the district court to do one of three things: to confirm the award of the first arbitration of this dispute, to modify that award, or to vacate that award and order a new arbitration. The hearing of May 20, 1983, was meant to obtain a ruling of the district court on which option was appropriate. Jordan failed to appear at that hearing.

The majority characterizes Jordan's failure to appear and the court's subsequent decision as a default judgment. They then conclude that because the motion "for default judgment" was made orally during the May 20th hearing, and without the three-day notice required by NMSA 1978,

Civ.P.R. 55(b), it was an improper default judgment requiring reversal.

I do not agree that the procedure was in any way a default judgment procedure. The action taken by the district court on May 20th, although referred to at the hearing as a "default" by the trial court and by Daniel's counsel, did not function as a default judgment. To operate as a default judgment, which is a final judgment disposing of the case, there must be failure of the party to plead or defend as provided by the Rules of Civil Procedure. *See* NMSA 1978, Civ.P.R. 55(a) (Repl.Pamp.1980). Our rules do not require that a responsive pleading to notice of hearing be filed, nor is there anything to be "defended." Here the trial court merely set the matter for hearing following entry of this Court's mandate on the prior appeal. Had the court's decision at that hearing been a decision to confirm the first arbitration award, it then would have been a final judgment in the case. But, in that event, the judgment would have been in favor of the "defaulting" party, who could not complain of favorable action taken in his absence. Thus, since none of the options available to the trial court at the May 20th hearing could have been a final decision *against* appellant, appellant's failure to appear could not and did not result in a default judgment being entered against him.

The proceedings could be termed, more properly, a waiver by appellant of his right to argue at that hearing for one of the three options accorded to the trial court under our mandate. By failing to appear, after notice and upon confirmation by the court prior to its ruling that counsel had received notice and had made arrangements for new counsel to appear, appellant waived any right to object to the trial court's decision to order a second arbitration.

What I perceive to be meritorious in this appeal is that at the May 20th hearing, the district court appointed a new arbitrator and set the time and place for the second arbitration. The court had no authority to do so. The provision for arbitration contained in the Jordan-Daniels contract required that all arbitration proceedings be governed by the American Arbitration Association Commercial Arbitration Rules (AAA Rules). The mandate from this Court on the earlier appeal, which allowed the district court to set a new arbitration "consistent with the requirement of §§ 44–7–11 through 44–7–14" (*Daniels Insurance Agency Inc. v. Jordan*, 99 N.M. at 300, 657 P.2d at 627 (1982)), did not empower the trial court to disregard the terms of the parties' agreement to arbitrate.

NMSA 1978, Section 44–7–12C, provides that when the court vacates an arbitration award because the arbitrator exhibited partiality (*see Daniels*, 99 N.M. at 299, 657 P.2d at 626), it may set the matter for a new arbitration "before new arbitrators chosen *as provided in the agreement*" (emphasis added). In this case the agreement required the arbitrator to be a member of the AAA's panel of arbitrators. The record discloses that the arbitrator chosen by the trial court was not. The agreement also provided a procedure for mutual agreement on the arbitrator selected, but the trial court ignored that provision and instead named the second arbitrator. Further, both NMSA 1978, Section 44–7–5, and the AAA Rules require the arbitrator to set the time and place for the arbitration. The trial court did so here. Finally, the agreement to arbitrate specified the procedures to be followed at an arbitration hearing. The arbitrator in the court-ordered proceeding was not familiar with those procedures and was unaware that he was required to follow them.

Those violations of the provisions of the agreement are sufficient grounds for vacating the proceedings and decision of the second arbitration. NMSA 1978, § 44–7–12A.

Daniels claims, however, that Jordan waived all procedural errors by (1) not appearing at the May 20th hearing at which the alleged judicial error of ordering the second arbitration was made; (2) not raising objections to the claimed errors in the

trial court's order regarding the naming of the arbitrator and the manner in which the second arbitration was to be conducted in his motion to vacate the order or at the hearing on that motion to vacate, and (3) not seeking to obtain a stay of arbitration.

Although Jordan took none of those actions, he did attempt to preserve his objections. He filed an appeal before the date of the second arbitration and he requested a postponement. Further, he appeared at the second arbitration, even though for the sole purpose of registering his objections to proceeding thereunder. On the advice of his counsel, he refrained from participating in that arbitration because he and his counsel interpreted the AAA Rules to provide that by proceeding with the arbitration he would waive any objections thereto.

Whether the Rules actually required Jordan to refrain from participating is a matter of interpretation which the Rules specifically reserve to the AAA. According to the agreement, Jordan should have registered his objection with the AAA and requested a ruling from that body. But since the new arbitration proceedings were not arranged in accordance either with AAA provisions or the terms of the contract between the parties, Jordan cannot be faulted for failing to follow through on the agreement's provisions for making such objections.

Although Jordan could have taken other, clearer actions to preserve his protests, I am unwilling to say that, in the circumstances of this case, his conduct amounted to a waiver of his objections to the selection of the second arbitrator and to the manner of proceedings ordered by the trial court.

I would uphold the trial court's decision to vacate the first arbitration and to set the matter for a second arbitration, but I would order that the proceedings had on that second arbitration be vacated and that a new arbitration be conducted in accordance with the terms of the contract between the parties and with the AAA Rules.