737 P.2d 527

**Abran RODRIGUEZ, d/b/a Abe Rodriguez and Associates, Petitioner,**

v.

**Georgianne CONANT, Respondent.**

No. 16203.

Supreme Court of New Mexico.

May 7, 1987.

Rehearing Denied June 4, 1987.

Montoya, Murphy, Kauffman & Garcia, Donald D. Montoya, Santa Fe, Francis & Arland, Kathryn Levy, Albuquerque, for petitioner.

Moore & Golden, Michael J. Golden, Santa Fe, for respondent.

## OPINION

STOWERS, Justice.

We granted Respondent Georgianne Conant's request for rehearing in this matter. The opinion filed on December 31, 1986 is withdrawn and the following substituted therefor.

Defendant Abran Rodriguez, d/b/a Abe Rodriguez and Associates (defendant), moved the district court to set aside default judgments entered against him in favor of plaintiff Georgianne Conant (plaintiff) and cross-claimant and co-defendant Catherine Katona (Katona). The district court granted the motion, and plaintiff and Katona appealed. The Court of Appeals reversed and ordered the reinstatement of the default judgments, holding that the district court had abused its discretion by setting aside the judgments without sufficient grounds for relief under SCRA 1986, Rule 1–060(B) (formerly codified at NMSA 1978, Civ.P.R. 60(b) (Repl.Pamp.1980)). This Court granted defendant's petition for a writ of certiorari, and we now reverse the Court of Appeals' decision, affirm the district court's order, and remand to the district court for trial on the merits.

This case presents the following issues for our determination:

(1) Was the district court as a matter of law compelled to vacate these default judgments because defendant was not notified of the hearing held on damages?

(2) If its order was not compelled as a matter of law, did the district court abuse its discretion under Rule 1–060(B) by setting aside the default judgments in the circumstances of this case?

We hold, first, that the district court was not required by SCRA 1986, Rule 1–055(B) (formerly codified at NMSA 1978, Civ.P.R. 55(b) (Repl.Pamp.1980)), or by due process of law to set aside for lack of notice default judgments entered against a defendant who failed to appear in the action after being personally served with process. We do not reach the Rule 1–060(B)(1) ground relied upon by the Court of Appeals but hold, second, that the district court's exercise of discretion was supported, in the circumstances of this case, by "any other reason justifying relief" under Rule 1–060(B)(6) and meritorious defenses presented in defendant's motion.

In 1979, plaintiff initiated this suit against her former employer, Katona, alleging that Katona had terminated her employment and had published defamatory statements accusing plaintiff of stealing money from the shop where she worked and of failing a polygraph examination regarding the theft. Katona in fact had retained defendant's business to conduct polygraph examinations of several employees, and plaintiff had been examined once by Leo Gurule and once by defendant. Following an April 1981 discovery deposition of defendant, plaintiff sought and obtained leave of the court to file an amended complaint naming Gurule and defendant as additional defendants.

The record indicates that defendant was personally served with a summons and a copy of the amended complaint on Novem-

ber 1, 1981. He made no appearance, answer, or other pleading in response to that summons. Upon plaintiff's motion, without further notice to defendant, the district court on January 4, 1982, entered a partial default judgment of liability against him. The record also indicates that defendant was personally served with a summons and a copy of Katona's cross-complaint on January 23, 1982. He entered no appearance and, on May 17, 1982, without further notice to him, the district court entered another partial default judgment of liability.

Damages were not assessed in these partial default judgments, but on April 20, 1983, without notice to defendant, a hearing was held on the issue of damages. In the interim, on August 24, 1982, plaintiff and Katona had settled their claims for the sum of $1,900. On May 4, 1983, the district court entered a default judgment awarding plaintiff $5,000 in compensatory damages and $50,000 in punitive damages as prayed for in her complaint.

Defendant filed a motion to set aside the default judgments on August 25, 1983. In it, he alleged that he had no knowledge that he was a party to the suit between plaintiff and Katona until he was subpoenaed in aid of execution on August 12, 1983. Although he admitted finding the summons and amended complaint, but not the summons and cross-complaint, in his Albuquerque office files, defendant asserted that he could not recall being personally served with either summons. Had he been aware of the claims against him, he further asserted, he would have contacted counsel, responded to the court's process, and defended himself.

Defendant's motion was set for hearing five times, and each setting was vacated. Ultimately, the district court determined the matter on affidavits. On July 13, 1984, it entered an order granting the motion and setting aside the default judgments, from which plaintiff and Katona timely appealed.

The Court of Appeals held that defendant had not "appeared" within the meaning of Rule 1–055(B) and, therefore, that he was not entitled to notice of any application for default judgment or any hearing on damages. Under these circumstances, it held that defendant had not demonstrated "mistake, inadvertence, surprise, or excusable neglect" that would support the district court's decision under Rule 1–060(B)(1). The Court of Appeals further held that defendant had not offered any justification for setting aside the default judgments other than excusable neglect; therefore, he had not demonstrated "any other reason justifying relief" that would support the district court's decision under Rule 1–060(B)(6). The Court of Appeals concluded that the district court had abused its discretion by setting aside the default judgments.

## I. Notice Requirements.

This Court has held that where notice of a motion for default judgment is required by Rule 1–055(B) but is not given, the default judgment entered must be set aside as a matter of law. *Mayfield v. Sparton Southwest, Inc.,* 81 N.M. 681, 683, 472 P.2d 646, 648 (1970); *Board of County Comm'rs v. Boyd,* 70 N.M. 254, 258, 372 P.2d 828, 830 (1962). By its terms, Rule 1–055(B) requires written notice to the party against whom default judgment is sought only if that party "has appeared in the action." SCRA 1986, 1–055(B); *see Mayfield v. Sparton Southwest, Inc.,* 81 N.M. at 682, 472 P.2d at 647; *see also Marberry Sales, Inc. v. Falls,* 92 N.M. 578, 581, 592 P.2d 178, 181 (1979) (dicta).

Defendant's attendance at a deposition nearly eight months before he was served with a summons and a copy of the amended complaint cannot be considered an "appearance," even under our liberal Rule 1–055(B) construction of that term, because it could not possibly have indicated either knowledge of the suit against him or an intention to meet his obligations as a party. *See Mayfield v. Sparton Southwest, Inc.,* 81 N.M. at 682–83, 472 P.2d at 647–48; *see also Gengler v. Phelps,* 89 N.M. 793, 798–99, 558 P.2d 62, 67–68 (Ct.App.1976) (Sutin, J., specially concurring). Therefore, defendant was not entitled to notice of the applications for default judgments against him.

■ This Court often has held that the district court must conduct an evidentiary hearing pursuant to its Rule 1–055(B) authority when the plaintiff seeks an award of an unliquidated amount of damages. *See, e.g., United Salt Corp. v. McKee,* 96 N.M. 65, 68, 628 P.2d 310, 313 (1981); *Armijo v. Armijo,* 98 N.M. 518, 520, 650 P.2d 40, 42 (Ct.App.1982); *Gallegos v. Franklin,* 89 N.M. 118, 122, 547 P.2d 1160, 1164 (Ct.App.), *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976). Although Rule 1–055(B) does not by its terms require written notice of such a hearing to the party against whom default judgment is sought, we believe that the damages hearing must be regarded as a hearing on the application for default judgment and that written notice must be given if the party "has appeared in the action." *Cf. Board of County Comm'rs v. Boyd,* 70 N.M. at 257–58, 372 P.2d at 830 (hearing on compensation in eminent domain proceeding); *see generally* Annotation, *Defaulting Defendant's Right to Notice and Hearing as to Determination of Amount of Damages,* 15 A.L.R.3d 586 (1967). Because defendant failed to make an appearance in this case, however, he was not entitled to notice of the damages hearing in accordance with the requirements of Rule 1–055(B).

■ This Court also has held that the due process clause of our constitution requires notice of default judgment proceedings pursuant to Rule 1–055(B) "when matters [stand] at issue." *Adams & McGahey v. Neill,* 58 N.M. 782, 786, 276 P.2d 913, 916 (1954), *quoted in Daniels Insurance Agency, Inc. v. Jordan,* 102 N.M. 162, 164, 692 P.2d 1311, 1313 (1984); *see* N.M. Const. art. II, § 18. Fundamental due process requirements were met in this case by service of process by personal service within the state of the summons and complaint. *See Clark v. LeBlanc,* 92 N.M. 672, 673, 593 P.2d 1075, 1076 (1979); *see also Moya v. Catholic Archdiocese,* 92 N.M. 278, 279–80, 587 P.2d 425, 426–27 (1978). Having failed to appear and to put matters in issue, defendant was not entitled to notice of the damages hearing on constitutional grounds. *Cf.* SCRA 1986, 1–055(B); SCRA 1986, 1–005 (Rules of Civil Procedure gen-erally do not require notice to or service upon parties in default for failure to appear).

We conclude that neither the due process clause nor our Rules of Civil Procedure for the District Courts required that defendant be notified of the applications for default judgments or of the hearing on damages after he failed to appear in this action. The district court therefore was under no mandatory duty to set aside the default judgments entered against defendant.

## II. Rule 1–060(B) Relief.

■ A party seeking relief from a default judgment must show the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action. *Springer Corp. v. Herrera,* 85 N.M. 201, 203, 510 P.2d 1072, 1074 (1973). Upon such a showing, the district court has the discretionary authority to set aside the judgment. *Id.,* 85 N.M. at 202, 510 P.2d at 1073; SCRA 1986, 1–060(B). On appellate review, its ruling will not be set aside except for an abuse of that discretion. *Id.*

■ This Court often has stated that the district court should be liberal in determining what is a meritorious defense and whether there are grounds for setting aside a default judgment. *See, e.g., Franco v. Federal Bldg. Serv., Inc.,* 98 N.M. 333, 334, 648 P.2d 791, 792 (1982); *Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. 273, 274, 609 P.2d 720, 721 (1980); *Springer Corp. v. Herrera,* 85 N.M. at 203, 510 P.2d at 1074. It should bear in mind that default judgments are not favored and that, generally, cases should be decided upon their merits. *Springer Corp. v. Herrera,* 85 N.M. at 202, 510 P.2d at 1073; *Wooley v. Wicker,* 75 N.M. 241, 245, 403 P.2d 685, 688 (1965). When there exist grounds for relief under Rule 1–060(B) and a meritorious defense, and when there are no intervening equities, the default judgment should be set aside and the case tried on its merits. *Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. at 274, 609 P.2d at 721.

Indeed, other than the Court of Appeals' decision here, we have not discovered any

New Mexico case holding that the district court abused its discretion by setting aside a default judgment. On the other hand, our appellate courts have not hestitated to view the district court's refusal to set aside such a judgment as an abuse of discretion. *See, e.g., Franco v. Federal Bldg. Serv., Inc.; Dean Witter Reynolds, Inc. v. Roven; Springer Corp. v. Herrera.* We are convinced that the Court of Appeals in this case applied too strict a standard of review to the district court's determination that there were grounds for relief under Rule 1–060(B).

■ We cannot agree with the Court of Appeals that the only ground advanced by defendant was excusable neglect under Rule 1–060(B)(1). The district court's order did not expressly rely on that part of the rule, nor did defendant's motion to set aside the default judgments, which requested relief "on the grounds of mistake, inadvertence, excusable neglect, and for other reasons." Because we conclude that the district court's decision to set aside the default judgments was supported under Rule 1–060(B)(6), we need not review the Court of Appeals' holding that defendant's mere carelessness did not constitute "excusable neglect" under Rule 1–060(B)(1). We note, however, that in the first instance, it is for the district court to determine what is a good excuse, and that the district court should be liberal in that determination. *See Springer Corp. v. Herrera,* 85 N.M. at 203, 510 P.2d at 1074; *Board of County Comm'rs v. Boyd,* 70 N.M. at 258, 372 P.2d at 831.

■ A party seeking to set aside a default judgment under Rule 1–060(B)(6) must show the existence of exceptional circumstances and reasons for relief other than those set out in Rules 1–060(B)(1) through (5). *Wehrle v. Robison,* 92 N.M. 485, 487, 590 P.2d 633, 635 (1979); *Parks v. Parks,* 91 N.M. 369, 371, 574 P.2d 588, 590 (1978). Defendant's motion points out that he was at all times accessible to plaintiff and Katona and, in fact, had communicated with them at some time during plaintiff's lawsuit. We have recognized that the failure of the party seeking to sustain a default judgment to give notice to opponents whose whereabouts were known may be a factor supporting the district court's decision to set aside that judgment. *See Dyer v. Pacheco,* 98 N.M. 670, 674, 651 P.2d 1314, 1318 (Ct.App.1982) (exceptional circumstances under Rule 1–060(B)(6)), *overruled on other grounds, Chase v. Contractors' Equip. & Supply Co.,* 100 N.M. 39, 43, 665 P.2d 301, 305 (Ct.App.), *cert. denied,* 99 N.M. 740, 663 P.2d 1197 (1983); *cf. Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. at 274, 609 P.2d at 721 (excusable neglect under Rule 1–060(B)(1)). In addition, defendant's motion points out that the default judgment against him awarded $55,000 in damages, while plaintiff settled similar claims against Katona for a mere $1,900. We have held that, if it reasonably can be avoided, cases involving large sums of money should not be determined by default judgments. *United Salt Corp. v. McKee,* 96 N.M. at 68, 628 P.2d at 313; *Springer Corp. v. Herrera,* 85 N.M. at 203, 510 P.2d at 1074. Under the circumstances of this case, we cannot say as a matter of law that the district court could not have found exceptional circumstances and other reasons justifying relief under Rule 1–060(B)(6).

Nor can we say as a matter of law that defendant failed to show the second prerequisite for relief from a default judgment, the existence of a meritorious defense. In his motion to set aside the default judgments, defendant alleged that he had obtained two releases of liability from plaintiff before conducting her polygraph examinations; that he acted on behalf of Katona as her agent; and that Gurule was not defendant's employee but an independent contractor. Defendant also argued that plaintiff's complaint against him failed to state a cause of action based upon his failure to inform Katona that the polygraph examination conducted by Gurule was inconclusive. Without commenting on the merits of any of these defenses, we are satisfied that they demonstrate the existence of a meritorious defense. *Cf. Home Savings & Loan Ass'n v. Esquire Homes, Inc.,* 87 N.M. 1, 1–2, 528 P.2d 645, 645–46 (1974) (release); *Springer Corp. v. Herr-*

*era*, 85 N.M. at 203, 510 P.2d at 1074 (agency).

Because defendant demonstrated both a meritorious defense and grounds for relief under Rule 1–060(B)(6), we cannot say that the district court abused its discretion by setting aside the default judgments. The Court of Appeals erred in reversing the district court's decision and in reinstating the default judgments.

For the foregoing reasons, the decision of the Court of Appeals is reversed, the order of the district court is affirmed, and the case is remanded to the district court for trial on the merits.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., and JOSEPH F. BACA, District Judge, concur.

SOSA, Senior J., specially concurs.

SOSA, Senior Justice, specially concurring.

I concur with the majority that reversal of the Court of Appeals is proper. I, however, feel that the majority should, in the exercise of judicial economy, go further and hold that the alleged defamatory statements were privileged as a matter of law. I refer to our earlier opinion in this case, filed December 31, 1986, wherein we concluded that plaintiff's complaint failed to state a cause of action, and therefore the default judgment was void. Not only did we hold that defendant had demonstrated a meritorious defense, but also that the allegations of the complaint, taken as true, reveal that the allegedly defamatory statements were privileged as a matter of law.

I concur with the majority holding that the trial court did not abuse its discretion in setting aside the default judgment, but would have based it on the reasons set forth in our opinion filed December 31, 1986 and would have gone further for the reason set forth above.