This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MIKE PAUL BACA,**

Petitioner-Appellee,

v.                                                                                    NO. 30,169

**MARISA MONICA BACA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Pamela Emsden
Santa Fe, NM

for Appellee

Susan Shaefer McDevitt
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Wife appeals a divorce decree, including division of property, child custody, and child support issues. We proposed to reverse the decree on the basis that it appeared that the decree was entered as a default and that Wife had not received proper notice. Husband has timely responded. We have considered his arguments and, not being persuaded, we reverse.

In our notice, we proposed to reverse in large part because Wife had not been given notice that a default judgment was going to be entered as required by Rule 1-055(B) NMRA. Husband's response indicates that there are a number of errors or omissions in our calendar notice. He points to several orders to appear and notices of docket call that were mailed to Wife at the address she listed with the district court. [MIO 1-2] He states that she failed to appear at all of these proceedings after having been given notice. The record does not show and Husband does not indicate, however, that Wife received notice of the October 5, 2009, docket call. Husband contends the district court requested his counsel to prepare a final order and decree after Wife failed to appear at that docket call. [MIO 2]

Thereafter, the record indicates a clerk's certificate as to the state of the record. [RP 84] Five days later, the district court entered a final decree, with findings indicating that it was being entered because of Wife's failure to appear at several docket calls and her failure to file a responsive pleading to the petition for divorce.

2

[RP 92] In our notice, we proposed to conclude that this was a default judgment. Husband does not contend otherwise. Therefore, we conclude that the final divorce decree here was a default judgment. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (stating that party opposing the proposed disposition has the burden of pointing out errors in fact or law; otherwise, the proposed disposition is deemed accepted).

In our notice, we proposed to conclude that Wife's participation in matters before the district court constitutes an "appearance" entitling her to notice of the default judgment. Husband does not contest that proposal. Therefore, we conclude that Wife was entitled to notice pursuant to Rule 1-055(B) that default judgment was going to be entered against her. The record does not indicate that such notice was given and Husband does not so indicate in his memorandum in response to our calendar notice. Without such notice, it was improper to enter a default judgment against her and the judgment should be set aside. *See Rodriguez v. Conant*, 105 N.M. 746, 748, 737 P.2d 527, 529 (1987) (stating that failure to give such notice to one so entitled is grounds to set aside a default judgment).

For the reasons stated herein and in the notice of proposed disposition, we set aside the divorce decree and remand to the district court for trial on the merits or entry of default after proper notice to Wife.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**