This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39955**

**CHRISTINE SIMPSON,**

      Petitioner-Appellee,

v.

**BRANDON HARRIS,**

      Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

Weed Law Firm L.L.C.
I. Darlene Weed
Bernalillo, NM

for Appellee

Mark Keller Law Office
Terri Keller
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Brandon Harris (Respondent) appeals from the issuance of an order for protection against him. Respondent claims: (1) the district court erred in not granting his motion to set aside the default order of protection, pursuant to Rule 1-060 NMRA; (2) the district court erred in not granting Respondent a hearing on his motion to set aside; and (3) the district court erred in not recusing the hearing officer. Because we conclude that Respondent has not demonstrated that the district court erred, we affirm.

**BACKGROUND**

**{2}** The parties either met online or were introduced through a mutual friend and began a long-distance romantic relationship in November 2019. Christine Simpson (Petitioner) lives in New Mexico, and Respondent lives in South Carolina. Petitioner claims that Respondent abused her in person and online. Petitioner filed a petition for an order of protection (the Petition) under the Family Violence Protection Act (the Act), NMSA 1978, §§ 40-13-1 to -13 (1999, as amended through 2019), on December 9, 2020. The district court issued a temporary order of protection and order to appear (the TOP) and scheduled a merits hearing to decide whether the order of protection would be extended. The hearing was set for 2:00 p.m. on December 18, 2020.

**{3}** Respondent was served on December 15, 2020, by a law enforcement officer in Greenville, South Carolina. Respondent claims that the law enforcement officer only served him with the TOP, not the Petition and the order regarding exhibits. The return of service indicates that the law enforcement officer served Respondent with the TOP as well as the Petition but does not indicate that Respondent was served with the order regarding exhibits. The TOP informs Respondent of the date, time, and location of the hearing (December 18, 2020, at 2:00 p.m. at the Second Judicial District Court, Room 274, 400 Lomas NW). Only the order regarding exhibits informs the parties that because of the COVID-19 pandemic, the hearing would be telephonic, informed the parties of the number to call, and instructed the parties to call that number fifteen minutes before the hearing.

**{4}** After being served with the TOP but before the hearing, Respondent contacted an attorney who suggested that Respondent contact the district court to request a continuance of the hearing. Following the attorney's advice, Respondent called the district court, after he was served but prior to the hearing, and spoke to a domestic violence division court clerk, and asked for a continuance so that he could prepare for the hearing. Respondent claims that he was told by the clerk that he should call in at 4:30 p.m. his time.[1] Respondent also claims that he called the judge to request a continuance on that date. Unable to reach the judge, he left a message requesting a continuance.

**{5}** On December 18, 2020, the hearing began at 2:10 p.m. At the beginning of the hearing, the hearing officer announced that the hearing was a default proceeding because Respondent failed to call in and proceeded to hear Petitioner's case. At 2:26 p.m. (4:26 p.m. Eastern time), sixteen minutes after the hearing began, Respondent called to attend the hearing. However, the hearing officer did not permit Respondent to participate in the hearing because he was "forty-five" minutes late. After informing Petitioner that Respondent had attempted to join the hearing, the hearing officer resumed the hearing, allowing Petitioner to complete the presentation of her case. The hearing continued for another thirty-nine minutes, with the entire hearing lasting fifty-five minutes. At the end of the hearing, the hearing officer granted the Petition, issued a

---

[1]Respondent lives in South Carolina in the Eastern-time zone, two hours ahead of the Mountain time zone, where New Mexico is located.

default order of protection (the order of protection) against Respondent for ten years, and stated that she would also issue a bench warrant for the arrest of Respondent.

**{6}** On December 21, Respondent, without an attorney, filed a motion requesting rehearing of the Petition and that the district court not issue a warrant for his arrest. In his motion (untitled motion), Respondent explains that he "missed the hearing due to work and time zone confusion." The district court, in a memorandum order filed on December 21, 2020, denied Respondent's request for a new hearing, but agreed, in a separate memorandum order filed on the same date, not to issue the bench warrant.

**{7}** Subsequently, Respondent hired an attorney, who requested permission from the district court to file a twenty-six-page (including exhibits) motion to set aside the default order of protection because the motion exceeded the ten-page limit for motions under LR2-116 NMRA. This request was denied, and Respondent instead filed his ten-page motion without the exhibits. In his motion to set aside default judgment (the motion to set aside) filed pursuant to Rule 1-060(B) NMRA, Respondent claims: (1) excusable mistake and inadvertence for not appearing at the hearing on time; (2) to have a meritorious defense; (3) fraud by Petitioner; and (4) abuse of process. In addition to moving for the order of protection to be set aside, Respondent moved to recuse the hearing officer, arguing that she was biased toward Petitioner. The motions were denied by the district court without a hearing in memorandum orders issued on May 18, 2021 and August 6, 2021. Respondent now appeals.

## DISCUSSION

### I.      Rule 1-060(B) Standard of Review

**{8}** We review the district court's decision to grant or deny relief under Rule 1-060(B) for an abuse of discretion except in those instances where the issue is one of pure law. *See Rogers v. Bd. of Cnty. Comm'rs of Torrance Cnty*., 2020-NMCA-002, ¶ 7, 455 P.3d 871. "The scope of Rule 1-060(B)(1) and application of the rule to the facts involve questions of law which we review de novo." *Kinder Morgan CO2 Co., L.P. v. State Tax'n & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110.

**{9}** "'An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case.'" *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (quoting *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153). "When there exist reasons both supporting and detracting from a [district] court decision, there is no abuse of discretion." *Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89, 847 P.2d 323

### II.      Rule 1-060(B)

**{10}** The district court denied Respondent's motion to set aside, finding that he "failed to prove that there was an excusable mistake, abuse of process or fraud on the part of the Petitioner or good cause to set aside the [d]efault [o]rder of [p]rotection." On appeal,

Respondent argues that the district court abused its discretion in denying his motion to set aside default judgment which he filed pursuant to Rule 1-060(B)(1), (3), because he established that there was excusable mistake and inadvertence for his tardy appearance for the merits hearing on the Petition, that Petitioner committed fraud during the presentation of her case at the merits hearing, that there was abuse of process during the entire process of issuing the default order of protection, and that he had a meritorious defense to the allegations made by Petitioner in the Petition. Respondent's arguments on appeal substantially mirror those he made in the district court: the default order of protection should be set aside based on grounds of excusable mistake, inadvertence, fraud, abuse of process, and meritorious defense under Rule 1-060(B)(1), (3). Rule 1-060(B)(1), (3) state, in pertinent part, that

> [o]n motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

**{11}**　A party seeking relief from a default judgment must show "the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action." *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 16, 105 N.M. 746, 737 P.2d 527. Upon such a showing, the district court "has the discretionary authority to set aside the judgment." *Id.*

**{12}**　Rule 1-060(B)(1) requires the party seeking relief to demonstrate the existence of both excusable neglect and a meritorious defense. *Rodriguez*, 1987-NMSC-040, ¶ 18. "In general, proper application of Rule 1-060(B) requires courts to balance [the] interests of finality versus relief from unjust judgments." *Kinder Morgan CO2 Co., L.P.*, 2009-NMCA-019, ¶ 10. Default judgments are not favored, and cases should be decided upon their merits. *See Rodriguez*, 1987-NMSC-040, ¶ 17. "When there exist grounds for relief under Rule 1-060(B) and a meritorious defense, and when there are no intervening equities, the default judgment should be set aside and the case tried on its merits." *Id.*

## A.　Excusable Mistake and Inadvertence

**{13}**　In *Kinder Morgan*, this Court adopted a multi-factor balancing test to determine whether any neglect is excusable under Rule 1-060(B)(1). *Kinder Morgan CO2 Co., L.P*, 2009-NMCA-019, ¶¶ 12-13. This balancing test is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* ¶ 12 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These

circumstances include "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (alteration, internal quotation marks, and citation omitted). The *Kinder Morgan* Court acknowledged, however, that this test does not "require or even encourage district courts to permit late filings or set aside orders or judgments just because [Rule 1-060(B)] relief is requested based on excusable neglect." *Kinder Morgan CO2 Co., L.P*, 2009-NMCA-019, ¶ 14. Rather, the use of the word "may" in the text of Rule 1-060(B) "empowers the court with the discretion, in the rare occasions when appropriate, to grant relief from its own judgments and orders." *Kinder Morgan CO2 Co., L.P*, 2009-NMCA-019, ¶ 14. Thus, we are compelled to apply this balancing test to decide whether the district court abused its discretion in denying Respondent relief under Rule 1-060(B)(1).

**{14}**    Preliminarily, we point out that although Respondent seeks relief under the *Kinder Morgan* test, Respondent fails to develop his arguments as to each of the factors that allow us consider his claim of excusable neglect. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Consequently, we are left to guess as to what his arguments might be. This we will not do. *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Therefore, we cannot conclude, under the *Kinder Morgan* test, that there was excusable neglect pursuant to Rule 1-60(B)(1).

**{15}**    To the extent that we can discern Respondent's arguments in this regard, we find them unpersuasive. On the one hand, Respondent argues that his "speaking with attorneys, contacting the court for a continuance prior to the hearing date and then calling in (late) on the hearing date all show that he wanted to be an engaged party." Yet, on the other hand, he argues that "[t]he hearing in this matter was smack dab in the middle of the busiest work period for Respondent," pointing out that he "worked at Fed Ex and this hearing was set one week before Christmas." This suggests that Respondent's reasons for being late for the hearing were not a matter of mistake or inadvertence, but a matter of inconvenience and a purposeful decision between working or attending the hearing.

**{16}**    Accordingly, we affirm the district court's order denying Respondent's motion to set aside default judgment as to excusable mistake or inadvertence.[2]

## B.    Fraud

**{17}**    For his next claim of error, Respondent contends that Petitioner committed fraud upon the court by providing perjured testimony at the merits hearing and by providing

---

[2]Because we have not found excusable mistake or inadvertence to support setting aside the default order of protection, we need not consider whether Respondent had a meritorious defense to the allegation made in the Petition. *See Rodriguez*, 1987-NMSC-040, ¶ 17.

false statements in the Petition. As with his prior claim of error, apart from general allegations, Respondent fails to develop his argument. Respondent fails to cite to the record where the acts of fraud may have occurred. "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Elane Photography*, 2013-NMSC-040, ¶ 70. "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.* Accordingly, we do not further consider this claim of error.

## III. Abuse of Process

**{18}** Next, Respondent claims that he is entitled to relief because of an alleged abuse of process by Petitioner. Here, again, this claim of error is undeveloped and is unsupported by any citation to the record or authority, save for the allegations of counsel. *See Muse,* 2009-NMCA-003, ¶ 72; *Elane Photography*, 2013-NMSC-040, ¶ 70.

**{19}** This Court operates pursuant to a presumption of correctness in favor of the district court's rulings, and it is the appellant's burden to demonstrate error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**{20}** Accordingly, we do not further consider this claim of error.

## IV. Refusal to Hold Hearing on Motion to Set Aside Default Judgment

**{21}** For this claim of error, Respondent contends that the district court erred by ruling on his motion to set aside default without holding a hearing on the motion. As with previous claims of error, Respondent fails to cite any authority in support of his argument. "Where a party cites no authority to support an argument, we may assume no such authority exists." *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. We, therefore, will not consider this argument further.

## V. Excusal of Hearing Officer

**{22}** As his last claim of error, Respondent contends that the district court abused its discretion by failing to excuse the hearing officer who heard this case. In support of his claim, Respondent argues that comments and rulings made by the hearing officer during the course of the hearing suggest that the hearing officer was biased in favor of Petitioner and would be biased against Respondent if the case were to be remanded to the district court for further proceedings.

**{23}** Despite raising these concerns and pointing to portions of the record where these comments and decisions were made, Respondent, apart from general statements of counsel, yet again fails to provide this Court with any authority in support of his arguments. Consequently, we will not further consider this claim of error. *See Muse*, 2009-NMCA-003, ¶ 72; *Elane Photography*, 2013-NMSC-040, ¶ 70; *Farmers*, 1990-NMSC-100, ¶ 8.

**CONCLUSION**

**{24}** For the reasons set forth above, we affirm the district court.

**{25}  IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**